The People ex rel. Charles C. Egan, Executor, etc., Respondent, *v.* The Justices of the Marine Court of the City of New York et al., Appellants.

While, under the Code of Procedure (§§ 58, 46, 47 of Code of 1848; §§ 65, 53 and 54, Code of 1849), an action could not be brought in the Marine Court of the city of New York against an executor or administrator as such, yet, where after the court had acquired jurisdiction of an action the defendant died, the action did not abate, but could be continued against his personal representatives.

This rule is not changed by the Code of Civil Procedure, as, while a similar prohibition is contained therein (§ 316, sub. 3), the provisions for continuing actions (§§ 755, 756, 757) are made applicable to the Marine Court (§ 5, chap. 449, Laws of 1876, as amended by § 5, chap. 318, Laws of 1877), and the law stands as it did under the former Code.

After judgment had been rendered against defendant, in an action in the Marine Court, and after an appeal from the judgment had been argued at the General Term, but before decision, the defendant died ; on motion of plaintiff the Marine Court granted an order continuing the action against the executor of the will of the deceased defendant, to whom letters testamentary had been issued. The General Term, in the meantime, reversed the judgment and granted a new trial. On application of the executor the Supreme Court granted a writ of prohibition, restraining the Marine Court from entertaining further jurisdiction of the action. *Held*, error ; also, that the order affected and deprived plaintiff of a substantial legal right, and in effect determined the action, and so was reviewable here.

Also, *held*, that even if the decision of the General Term of the Marine Court was void under the Code of Civil Procedure (§ 763), because rendered after the death of the defendant, the point was not available on appeal to this court, from the order granting said writ.

*People ex rel.* v. *Marine Court* (18 Hun, 333), reversed.

(Argued June 1, 1880; decided September 21, 1880.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which granted a writ of prohibition, prohibiting the Marine Court of the city of New York from entertaining further jurisdiction in an action brought in said court by Robert Bell and others against S. A. C. Hazard, the relator's testator, and enjoining the said plaintiffs from further proceeding in said action. (Reported below, 18 Hun, 333.)

The facts are set forth sufficiently in the opinion.

*Eli Long* for appellants. Section 8 of the old Code, under which the action in the Marine Court was commenced, made sections 69 to 126 of said Code applicable to all the courts of the State. (Townshend's Code, § 8; *Dreyer* v. *Rauch*, 3 Daly, 434; 1872, chap. 629, §§ 2, 5; *Bloomingdale* v. *Reilly*, Marine Ct. Appendix, 60.) Enactments of the legislature, creating new exceptions or defenses, or modifying previous remedies, must be so construed as not to affect rights of action which have attached and become vested under the original law, and existing at the time of the repealing statute. (*Hitchcock* v. *Way*, 6 Ad. & Ell. 943; *Paddon* v. *Bartlett*, 3 id. 884; 4

Denio, 376 ; *Palmer* v. *Conly*, id. ; Potter's Dwarris Stats. 474 ; 6 Washington Law Reporter, 289.) The new Code, however, did not take away the power to continue an action against the legal representatives of a deceased defendant, who died pending the action. (Laws 1876, chap. 449, § 7 ; Code, § 121 ; McAdam's Marine Ct. Pr. [2d ed.], 4, 114 ; *People ex rel. Lowenbein* v. *Donohue*, 56 How. Pr. 152 ; Throop's Code, note to § 316 ; *Hayes* v. *Symonds*, 19 Barb. 268.) Prohibition is not a writ of right, it issues only in cases of extreme necessity, and before it can be granted it must appear that the party aggrieved has applied in vain to the inferior tribunal for relief. (High's Extraordinary Remedies, §§ 765, 767, 771, 772 ; *People* v. *Wayne*, 11 Mich. 393 ; *Thompson* v. *Tracy*, 60 N. Y. 31, 38.) Jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ, that the party aggrieved has another and complete remedy at law. (High's Extraordinary Remedies, § 770 ; *Bulever* v. *Hase*, 3 East, 217 ; McAdam's Marine Ct. Pr. [2d ed.] 247 ; 36 Barb. 341 ; *People* v. *Common Pleas*, 43 id. 278.) The new Code gives to the Marine Court power in express terms to continue actions against the legal representatives of the parties who die *pendente lite*. (Laws of 1876, chap. 449, § 5, subd. 6, as amended by Laws of 1877, chap. 318, § 5, and pp. 649, 650 of Throop's Ed. of the New Code ; New Code, §§ 755, 757 of chap. 8 ; Laws of 1879, chap. 542, p. 601.) The court having jurisdiction of the subject-matter of the action, and the objection to an action against an executor, being a personal privilege, could be and was waived by him. (3 Black's Com., chap. 20, p. 302 ; *Tompson* v. *Collier*, 3 Brownl. 139 ; *McCormick* v. *Penn. R. R. Co.*, 49 N. Y. 303, 308, 309 ; *Bingham* v. *Disbrow*, 14 Abb. Pr. 251, 257 ; *Bostwick* v. *Perkins*, 4 Ga. 47 ; *Rainy* v. *McRea*, 14 id. 589–593 ; *Koppel* v. *Heinrichs*, 1 Barb. 449.) Section 316 of the Code being a revisory act, and there not being such a change of phraseology as purports an intent to change the law, it will not be held to be changed. (*Hall* v. *Western Trans. Co.*, 34 N. Y. 284, 287.)

*C. C. Egan*, respondent, in person. The decision of the General Term of the Marine Court, and the order of reversal entered thereon, was absolutely void. (Code of Civ. Proc., § 765.) A writ of prohibition is the appropriate remedy to keep inferior tribunals within their jurisdiction, and to prevent a usurpation of power by such courts. (Bull. N. P. 219; 2 Chitty's Pr. 355; *Quimbo Appo* v. *The People*, 20 N. Y. 531; *People* v. *Marine Court*, 36 Barb. 341.; *Thompson* v. *Tracy*, 60 N. Y. 31.) The court had no jurisdiction in the action against the relator, an executor. (Code of Civ. Proc., § 316; Laws of 1872, chap. 629, §§ 1 and 3; subd. 1, 12 and 15; Laws of 1874, chap. 545, § 5; Laws of 1875, chap. 479, § 1; Id., chap. 379, §§ 1 and 2; McAdam's Marine Ct. Pr. [2d ed.] 41; note citing 3 R. S. [5th ed.] 636, §§ 16–18; Wait's Code, § 54, subd. 2; McAdam's Pr. [2d ed.] 16; note to § 1; *Anderson* v. *Reilly*, 66 N. Y. 189; *Alexander* v. *Bennett*, 60 id. 204; *Landon* v. *Staten I. R. R. Co.*, 53 id. 455; *Hoag* v. *Lamont*, 60 N. Y. 98; Rev. Laws of 1813, p. 382, § 106; *Vord* v. *Babcock*, 1 Denio, 158; *Huff* v. *Knapp*, 1 Seld. 65; Laws of 1872, chap. 629, §§ 1 and 3; Const., art. 6, §§ 12–19; 66 N. Y. 191, 192; id. 656; *Landers* v. *S. I. R. R.*, 53 N. Y. 452; Wait's Old Code, 71, §§ 53, 54, subd. 5.) Courts cannot correct what they may deem either excesses or omissions in legislation, nor relieve against the occasionally harsh operation of statutory provisions. (*Forrest* v. *Forrest*, 10 Barb. 46; *Walker* v. *Harris*, 20 Wend. 555, 556, 557; *Clark* v. *City of Utica*, 18 Barb. 451; *Newell* v. *The People*, 3 Seld. 97; *McCluskey* v. *Cromwell*, 1 Kern. 593; *Smith* v. *The People*, 47 N. Y. 330; *People* v. *Supervisors of Columbia*, 43 id. 132; *Benton* v. *Wickrene*, 54 id. 228, 229; *Phelps* v. *Racey*, 60 id. 13; Sedg. on Stat. Law, 280; Vattel's, rule 2.) By section 453 of the Code, when a new defendant is brought in, it can only be done upon service of a supplemental summons and complaint. (New Code, 762; Bouvier's Law Dic., title Prohibition, 384; Bull. N. P. 219; 2 Chitt. Pr. 355; *People* v. *Supervisors of Queens*, 1 Hill, 200, 201; 7 Wend. 318; *Appo* v. *People*, 20 N. Y. 531; *Thompson* v. *Tracy*, 60 id. 31.)

Rapallo, J.    The action against Mrs. Hazard, the relator's testatrix, was commenced in the Marine Court, in November, 1874, and proceeded to trial and judgment in favor of the defendant.    An appeal was taken to the General Term of the Marine Court, and there argued on the 2d of January, 1878. On the 30th of January, 1878, and before any decision had been announced by the General Term, Mrs. Hazard, the defendant, died.

Letters testamentary were, on the 12th of February, 1878, issued to C. C. Egan, Esq., the relator, as executor of the will of Mrs. Hazard.   On notice to him, a motion was made by the plaintiffs, in the Marine Court, on the 26th of March, 1878, to continue the action against him as executor, which motion was opposed.    An order was thereupon made by the Marine Court granting the motion.

The General Term having in the meantime decided the appeal, and entered an order reversing the judgment and granting a new trial, the plaintiffs, after the entry of the order continuing the action, took steps to bring it to trial, whereupon, on the application of Mr. Egan, the Supreme Court granted a writ of prohibition, prohibiting the Marine Court from entertaining further jurisdiction of the action, and enjoining the plaintiffs from further proceeding therein.    The present appeal is from the order granting this writ.

The ground upon which the order was made is, that by the death of Mrs. Hazard the action abated, and the Marine Court had no power or jurisdiction to revive or continue it against her executor.

From the time of its organization the Marine Court has been denied original jurisdiction in actions against executors and administrators.    In the act of 1813 (chap. 85, § 106), it was declared that it should have no jurisdiction of actions against executors and administrators as such.    In the Code of 1848 (§ 58), it was declared that it should have jurisdiction in certain enumerated cases, and no others.   The first specification was, " actions similar to those in which courts of justices of the peace have jurisdiction as provided by sections 46 and

47." By section 47 of the Code of 1848, it was provided that no justice of the peace should have cognizance of an action against an executor or administrator as such. This prohibition was thus made applicable to the Marine Court, and has at no time been removed. The various acts of the legislature, from time to time passed since 1848, have added to the jurisdiction of the court in other respects, but none of them has ever made any change in this particular.

But notwithstanding this positive denial of jurisdiction to entertain actions originally brought against executors or administrators, the Code of 1848 (§ 8) expressly made applicable to actions in the Marine and Justices' Courts, the provisions of section 101 (now numbered 121) which declared that no action should abate by the death, marriage or other disability of a party if the cause of action survived or continued, but that the court might allow the action to be continued by or against his representative. None of the amendments to the Code of 1848 have changed these provisions. Reading them in connection, the rule they established clearly was that an action could not be brought in the Marine Court against an executor or administrator as such; but that if after having acquired jurisdiction in an action the defendant should die, the action should not abate, but might be continued against his representative. There is no inconsistency in these provisions.

Under that Code the action now in question was brought. It is contended, however, by the relator that by the Code of 1877 the power of the court to continue the action was taken away.

The appellant makes several answers to this claim. First. That assuming that the new Code contains provisions depriving the court of jurisdiction to continue actions in such case, such provisions are not applicable to pending actions but only to those commenced after they took effect. That to make them applicable to pending actions, an express declaration that they were so intended was necessary, otherwise the law as it existed when the action was commenced must decide the rights of the parties. (Citing *Hitchcock* v. *Way*, 6 Ad. & Ell. 943 ;

*Paddon* v. *Bartlett*, 3 id. 884; *Palmer* v. *Conly*, 4 Denio, 376.) Without questioning the soundness of this position, I pass to the second point made by respondent's counsel, which is that the new Code did not effect any change in respect to the power of the court to continue an action of which it had acquired jurisdiction, in case of the death of one of the parties. The only provision claimed by the respondent to have that effect is section 316, subdivision 3, which declares that the Marine Court " has not jurisdiction of an action against an executor or administrator in his representative capacity." This is the same provision in substance which was contained in the act of 1813, and which was in the Code of 1848 incorporated by reference, in the section defining the jurisdiction of the Marine Court. But in the new Code as in the old, this apparently positive prohibition is qualified by applying to the Marine Court the provision that an action shall not abate by any event if the cause of action survives, but that in case of the death of a sole plaintiff or defendant the court must allow it to be continued against his representative. This provision for continuing actions is contained in chapter 8, title 4, sections 755, 756, 757 of the new Code. By the explanatory act accompanying the Code (Laws of 1876, chap. 449, § 5, as amended by Laws of 1877, chap. 318, § 5), it is enacted that the eighth chapter of the Code shall apply to proceedings taken after September 1, 1877, when the Code took effect, in the courts specified in subdivision 4 of the same section. The Marine Court of the city of New York is one of the courts named in subdivision 4. Thus we have a direct recognition of the authority of the Marine Court to continue an action against the representatives of a deceased party, and the law stands precisely as it did under the former Code.

That it was not the intention of the Code to change by implication the existing laws relative to the jurisdiction and powers of the Marine Court, is apparent, not only from the notes of the commissioners, but from the explanatory act. (Laws of 1876, chap. 449, § 7, subd. 1.) It would seem sufficiently plain from the provisions already cited that the power to revive an

action on the death of a party was not intended to be abrogated, but to put the matter beyond cavil an amendment was made in 1879 to section 316, subdivision 3, declaring that that subdivision did not prevent the court from continuing an action against the representatives of a deceased defendant. This amendment was simply declaratory, and made no new law. The application of the provisions for reviving actions, to actions in the Marine Court had the same legal effect.

The point taken by the relator that the decision of the Marine Court General Term awarding a new trial, not having been rendered until after the death of Mrs. Hazard, was absolutely void, under section 765 of the Code, is not, even if well taken, available on this appeal. The writ of prohibition absolutely prohibits the court from entertaining further jurisdiction in the cause. This cannot be sustained even if the appeal to the General Term of the Marine Court should be regarded as still undecided.

The order allowing the writ affects, we think, a substantial right. It determines the action by precluding any further proceeding therein, and deprives the plaintiff of a legal right. We think it is appealable to this court.

The orders of the General and Special Terms should be reversed without costs.

All concur; except FOLGER, Ch. J., not voting.

Order reversed.