## WHEELER *v.* BOWERY SAVINGS BANK.

### *N. Y. City Court, Special Term; October,* 1886.

*Jurisdiction of N. Y. City Court ; interpleader*]. While the city court of New York has no jurisdiction of an action commenced against an administrator in the first instance, it has power, by an order of interpleader, on motion of the defendant, to bring in an administrator, who claims the same fund as the plaintiff.

Motion to require an administrator to give security for costs.

Plaintiff brought this action in the City Court of New York, against the Bowery Savings Bank. The bank on

application setting forth that Abraham B. Valentine as administrator of the last will and testament of Abraham Valentine, deceased, claimed the same fund, obtained an order allowing it to be paid into court, and the bank to be discharged.*

Plaintiff asked now, that the new defendant give security for costs.

*Thomas M. Wheeler*, plaintiff in person.

*Israel Minor*, for defendant, Abraham B. Valentine.

McADAM, Ch. J.—The plaintiff has an office for the regular transaction of business in person within the City of New York, and is to be deemed a resident of that city (*Code Civ. Pro.* § 3160). In actions brought by or against an executor or administrator in his representative capacity, the defendant is not entitled to security for costs as matter of right, but in the discretion of the court.

This action was originally commenced against the Bowery Savings Bank; and the defendant Valentine, as administrator, etc., was brought in by order of the court, on application of the bank for interpleader. While the court has no jurisdiction of an action against an administrator in the first instance (*Code Civ. Pro.* § 316), it is equally true that where jurisdiction once attaches (as it did in this case) the court may, in the exercise of its jurisdiction, bring in by interpleader any claimant, whether he be an administrator or not. In other words, when jurisdiction once attaches, it is not ordinarily divested by subsequent events (see 81 *N. Y.* 500). As there is a disputed title to a fund in court, the plaintiff claiming it on the one hand and the administrator on the other, and each party is pressing his claim in good faith, it is hardly a case in which proceedings should be delayed to await security for costs, particularly as no charge or insinua-

---

* For the general statutes, applicable to all classes of parties, see *N. Y. Code Civ. Pro.* § 820. For the statutes applicable to savings banks, see *L.* 1882, c. 409, § 259.

tion of insolvency or impecuniosity is imputed to the plaintiff. The ex-parte order requiring security will therefore be vacated, without costs. Defendant may have three days to answer the complaint after service of the order to be entered hereon.