Cromb v. Cole.

---

No. 24,670.

ARTHUR I. CROMB, *Appellee*, v. (ELI COLE, *Appellee*), L. C. ROSS and E. C. WALDO, *Appellants*.

SYLLABUS BY THE COURT.

ISSUE BECOME MOOT—*Appeal Dismissed.* Where it is clear that the decision appealed from has become moot, the appeal will be dismissed.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed July 7, 1923. Dismissed.

*Herman Long,* of Wakeeney, for the appellants.

*E. A. Rea, E. C. Flood, A. D. Gilkeson,* all of Hays, *C. M. Monroe,* and *Guy L. Hursh,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Cromb sued Cole on a promissory note for $1,600. Cole answered that he had signed the note as surety for one Teeters and at the request of Cromb, who agreed to deliver to Cole, as a consideration for his signing the note, a note for $600 which he held and which had been executed by Teeters and secured by a mortgage on an automobile, and that Cromb had failed and neglected to turn the note and mortgage over to him. Cole, in his answer, also alleged that Ross and Waldo had taken the mortgaged automobile, claiming to have a prior lien thereon, and had converted it to their own use. Cole asked for judgment against Cromb in the sum of $600 and in the alternative against Ross and Waldo in the event he could not recover from Cromb. At Cole's request the court made an order

making Ross and Waldo parties defendant. They were served with summons and demurred to Cole's answer. The demurrer was over-ruled and Ross and Waldo have appealed from that ruling. The case went on to trial between Cromb and Cole and was submitted to the jury, first, upon the question of Cole's claim against Cromb for $600. The jury found that Cromb had requested Cole to sign the note as surety for Teeters and had agreed to turn over the $600 note and chattel mortgage to Cole if he would sign the note, and that Cole relied thereon; that Cromb had failed to do so, and al-lowed Cole the $600 claimed by him. The case was then submitted to the jury as to the amount owed by Cole to Cromb upon the $1,600 note, and the jury found the amount due upon the note and deducted therefrom the $600, which they found Cromb owed Cole. It will be seen that Cole has recovered the amount of his claim from Cromb and, as he is not entitled to it twice, the question of whether he should recover from Ross and Waldo is no longer material. The issue as between these parties has become moot. The appeal will, therefore, be dismissed.

HARVEY, J. (dissenting): Since an examination of Cole's answer discloses that it does not state a cause of action against Ross and Waldo, it is my judgment the case should be reversed with direc-tions to sustain their demurrer. By so doing we would pass upon the question here presented, and items of cost would fall where they properly belong.