No. 34,554

GRACE ACHENBACH, *Appellee,* v. LOUIS A. BAKER, as Executor, etc., *Defendants,* GUS HADWIGER and ROBERT L. HADWIGER, Individually and as Trustees Under the Last Will and Testament of Jacob Achenbach, Deceased, *Appellants.*

No. 34,694

GRACE ACHENBACH, *Appellee,* v. LOUIS A. BAKER, Executor, etc., *Defendants,* GUS HADWIGER, Individually and as Trustee Under the Last Will and Testament of Jacob Achenbach, Deceased, and ADOLPH ACHENBACH, Legatee and Heir Under the Last Will and Testament of Jacob Achenbach, Deceased, *Appellants.*

No. 34,695

GRACE ACHENBACH, *Appellee,* v. LOUIS A. BAKER, Executor, etc., *Defendants,* JOHN C. HILKEY, Probate Judge, and ROBERT L. HADWIGER, Individually and as Trustee Under the Last Will and Testament of Jacob Achenbach, Deceased, *Appellants.*

(101 P. 2d 937)

828

Opinion filed May 4, 1940.

*Glenn Porter, Getto McDonald, Dwight S. Wallace, William Tinker, George McGill, H. C. Castor, Thomas E. Elcock, Victor J. Rogers, Paul J. Jorgensen,* all of Wichita, *Gus Hadwiger* and *Robert L. Hadwiger,* both of Alva, Okla., for the appellants.

*O. M. Wheat, J. Raymond Eggleston,* of Medicine Lodge, *J. S. Parker,* of Topeka, *Donald H. Corson,* of Kansas City, *Paul R. Wunsch* and *Chas. H. Stewart,* both of Kingman, and *Orville Cameron,* of Alva, Okla., for the appellee.

*J. N. Tincher, Clyde Raleigh, Leaford F. Cushenbery,* all of Hutchinson, *W. L. Cunningham, D. Arthur Walker* and *William E. Cunningham,* all of Arkansas City, as *amici curiae.*

The opinion of the court was delivered by

HOCH, J.: This case originated as an action to construe a will, and particularly provisions creating a charitable trust. · It is here on five separate appeals, none of which, however, presents a question of construction. The principal substantive questions which the appeals seek to raise relate to the power of a district court, (*a*) to assume jurisdiction of a testamentary trust while administration of the decedent's estate is still pending in the probate court; (*b*) to assume jurisdiction of the appointment and confirmation of the trustees of such a trust; (*c*) to refuse to confirm as a trustee one conditionally designated as such by the testator; (*d*) to remove a trustee designated by the testator and previously confirmed by the court; (*e*) having assumed jurisdiction of the testamentary trust, to take over also from the probate court all other administration of the estate consisting of matters incident to approval of the final report and account, and to the discharge of the executor. Also presented is a motion to dismiss all appeals on the principal grounds that appellants are without capacity to appeal or had consented to orders complained of or that the questions they seek to raise have become moot.

Jacob Achenbach, for many years a resident of Hardtner, Barber county, Kansas, died testate November 29, 1937, at the age of

ninety-one years. He left an estate valued at approximately $750,-000. On December 6, 1937, his will, executed on July 29, 1937, was filed for probate in the probate court of Barber county. The principal beneficiaries named were his two sons, August and Adolph Achenbach, and various relatives. A trust was created for the benefit of designated residuary devisees or legatees, and the will also provided for creation of a fund of $100,000 for the erection of "a public hospital building in the city of Hardtner, Kansas," or in an adjoining section, or to be expended for "some similar charitable purpose." Louis A. Baker, for many years a business associate of the testator, was named as executor in the will. Trustees were provided to administer the residuary estate and to carry out the provisions of the charitable trust.

The language of the will, designating trustees, reads as follows:

"I give, bequeath, and devise unto August Achenbach, Louis A. Baker, and Leonard Achenbach, and their successors in trust, to have and to hold the same in trust, upon the terms and conditions, for the uses and purposes and with the powers and duties following," etc.

On October 26, 1937, a codicil was executed increasing the charitable trust to $125,000, and making the following provision as to trustees:

"Knowing that the interests of August Achenbach and Leonard Achenbach as beneficiaries of the trust in paragraph twenty-third and paragraph twenty-sixth of my said will would in some instances conflict with their interest as trustees of said trust, I hereby appoint and *constitute Gus Hadwiger and Robert L. Hadwiger or either or both of them as trustees in lieu of August Achenbach and Leonard Achenbach.*"

After the executor had qualified and assumed his duties, various proceedings were had in the probate court, which need not be narrated. They included the filing of inventories, appraisals and accounts; approval of certain agreements of the parties and of the sale of personal properties, etc. The probate proceedings had thus been pending something over eight months when the instant action was commenced.

On August 16, 1938, Grace Achenbach, wife of Adolph Achenbach, a son of the testator, brought an action in the district court of Barber county for a construction of the will—particularly a construction of the purpose and intent of that portion relating to the charitable trust. The petition recited that the action was brought by her as "a resident, citizen, and taxpayer in the city of Hardtner," and in behalf of herself and all other residents, citizens and tax-

payers of Hardtner for the use and benefit of the city of Hardtner. Named as defendants were Gus Hadwiger and Robert L. Hadwiger, Oklahoma attorneys who, it is alleged, had drafted the will and who were named therein in connection with the trust, Baker, the executor and trustee designate, August and Adolph Achenbach, and other beneficiaries named in the will. Separate answers, replies and cross petitions were filed.

On December 15, 1938, the executor filed his report and accounts for final settlement in the probate court. Statutory notice of the hearing thereon was given, but on January 10, the date set for the hearing, the matter was indefinitely continued pending determination of the amount of estate and inheritance taxes to be paid.

On February 13, 1939, August Achenbach and the Hadwigers filed in the district court a motion to strike certain portions from the petition to construe the will, which motion was sustained in part and overruled in part.

On April 24, 1939, the attorney general of Kansas intervened in the action in the district court after consent by the court to do so. His intervening petition was based on the allegation of a public interest growing out of a controversy relating to the "public charitable trust" created by the will. The prayer of his petition was as follows:

"Wherefore, your intervening petitioner prays the court for an order, judgment, and decree, construing and interpreting said paragraphs (relating to the charitable trust) according to their true purpose, intent, and meaning, as hereinbefore set forth; that this court take jurisdiction of said trust, require that the same be carried out according to the true construction and interpretation of said will creating said trust; approve the appointment of trustees as provided therefor in said will, or appoint others, in the event those named are disqualified, unable to serve, resign, or for any reason are unable to carry out said trust, or perform the duties therein required, and for costs, and all other equitable relief."

On April 25, 1939, August Achenbach, the Hadwigers and the executor filed a reply to the intervening petition admitting that the attorney general was a proper and necessary party in the action as to the public charitable trust created by the will, but alleging that the terms of the will and codicil were plain, clear and concise, that there was no necessity for a judicial construction of the will, that they had not requested the filing of a petition for construction of the will, but had simply informed the attorney general of the pendency of the action and had "left it to the sound discretion of the attorney general of the state of Kansas of what action, if any,

he should take for the protection of the public interest in said charitable bequest." The reply also alleged that all of the property of the decedent's estate, including the entire trust fund, was under the exclusive jurisdiction of the probate court, that the estate was being regularly and properly administered in such court, and that under such circumstances the district court had no jurisdiction over the estate, of which the trust fund was a part. They asked that the intervening petition of the attorney general be dismissed.

On May 19, 1939, the attorney general filed another petition asking the district court to assume jurisdiction of the *entire trust* and of the appointment of the trustees who were to manage and control both the charitable trust fund and the residuary estate, and asking further that an order be issued directing the probate court not to deliver the assets of the estate to anyone until such trustees had been named by the district court. Such an order to the probate court was forthwith issued, and the attorney general's petition for appointment of trustees set for hearing on June 2, 1939.

On May 19, 1939, a hearing was held in the district court on issues presented by the various pleadings in the main action, all parties being represented. Attorneys for the respective parties made statements concerning the issues, and certain evidence, bearing largely on the question of the hospital, was received. The abstract before us reveals little, if any, disagreement as to the purpose to build a hospital at Hardtner. Before conclusion of the hearing the court announced that it felt that the will had "one or more uncertainties" and that it had jurisdiction to construe it. The court further announced that it would take jurisdiction of the testamentary trust.

On June 2, 1939, the hearing on the application to appoint trustees was held and many witnesses were heard as to the fitness of Robert Hadwiger to serve as a trustee. The extensive testimony, which was conflicting, need not be reviewed.

At the close of the hearing the court announced that it would take jurisdiction of the *trust estate,* and made a finding that Baker and Gus Hadwiger would be approved as trustees, but that "it would be to the best interest of the trust estate that approval of Robert L. Hadwiger, as trustee, be denied." August Achenbach subsequently announced acceptance of the orders of the district court theretofore made, and of his appointment as trustee. Thereafter various parties in interest, and the attorney general, filed

petitions for construction of the will, and on June 8, 1939, the court, after a hearing, announced its construction of the provisions of the will relative to the charitable trust—that it was the intent of the testator that a public charitable hospital be built in or near Hardtner. Construction of several other parts of the will was also announced. On the same day, June 8, 1939, the court allowed claims for fees by attorneys representing various beneficiaries under the will, the executor, the Hadwigers, and the special assistant to the attorney general. These fees were to be paid out of the residuary estate, but not to diminish the funds for the hospital. Some fees were for services in connection with the action to construe the will, and others for services in the probate court proceedings. They did not include fees to the attorney whom the court had just appointed for the trustees. The fees allowed to the executor and his two attorneys in the probate court aggregated $45,000, and to the seven other firms or individual attorneys, $53,755.55. It was announced that these allowances were made "by agreement of all parties in interest" and the court further observed: "So it is not of any concern to the public generally . . . well, that being the case, the only interested parties are the beneficiaries who have all agreed to it. Then it is no business of the court when they have all agreed upon their fees, they will be allowed as agreed upon." Reference will be made later to appellant's contention concerning this matter.

On July 10, 1939, on its own motion, the district court took over the administration of *all proceedings* then pending in the probate court, and directed the executor to complete all administration of the estate in the district court.

On September 7, 1939, the executor filed his final report in the district court and asked for his discharge. The court tentatively approved the report and account and gave interested parties fifteen days within which to file written objections. The Hadwigers filed objections to the jurisdiction, which were overruled. No other objections were filed, and on September 28, 1939, the executor's reports and accounts were approved and the executor discharged.

On October 7, 1939, Robert Hadwiger filed a motion to correct certain journal entries, his principal contentions being that the journals erroneously stated that the assumption of jurisdiction of the trust estate and the allowance of attorney's fees were by agreement and consent of all parties; that he had at all times objected to the district court taking over the trust estate from the probate court

and that he "at no time agreed to the payments of the vast sums to litigant's attorneys." However, when Hadwiger's motion to correct the various journal entries came on for hearing on October 23, 1939, he withdrew all of his motion except that part referring to the taking over of the trust estate. This was tantamount to admission that the journals correctly stated that all parties had consented to the allowances for attorney's fees.

On October 23, 1939, August Achenbach, one of the trustees, filed a motion to discharge Gus Hadwiger as trustee on the ground that he was being continuously dominated by his son, Robert Hadwiger, and was refusing to coöperate with the other two trustees. After a hearing on October 28, 1939, Gus Hadwiger was removed.

Later herein, in connection with the instant appeal by the probate judge of Barber county, reference will be made to certain proceedings in the probate court, beginning on October 5, 1939, after the district court had taken jurisdiction on July 10 of all administration of the estate, and had approved the final report and discharged the executor on September 28. Suffice it to say, that the probate court ignored the final settlement and the discharge of the executor in the district court and sought to proceed with closing of the estate in contravention of the orders directed to it by the district court.

Various motions and maneuvers have been omitted from this recital as being immaterial here.

The lengthy record, involved and somewhat confused, has been painstakingly examined and every contention made by the parties given careful consideration. We shall comment, however, only on the matters deemed pertinent for clarification and determination of the issues presented by the appeals.

We are confronted at the outset with a motion to dismiss the appeals. The substantive questions which the parties seek to raise will be treated to the extent necessary in disposing of the motion.

The five appeals presented may be briefly listed as follows:

1. An appeal filed July 3, 1939, by Robert L. Hadwiger, individually and as trustee, from the judgment of May 19, 1939, in which the district court took jurisdiction of the *trust estate;* from the orders of May 19 and May 22, directing the probate court and the executor to turn over no assets to the trustees or anyone until further order of the district court; from the disapproval on June 3 of Robert L. Hadwiger as trustee; from the order of June 8, 1939, appointing an attorney for the trust estate; from the allowance of

certain attorney fees; and from certain other orders and judgments not necessary to recite.

2. An appeal filed August 23, 1939, by Robert L. Hadwiger and Gus Hadwiger, as individuals and as trustees, appealing from the order of July 10, 1939, taking over *all administration of the estate* from the probate court.

3. An appeal filed October 28, 1939, by Gus Hadwiger and Robert L. Hadwiger from the orders of September 8 and September 28 approving the final report and discharging the executor, and "from any orders attempting to administer the estate in the district court."

4. An appeal filed November 4, 1939, by Gus Hadwiger, and by Adolph Achenbach as a legatee and heir, from the orders of October 28 ousting Gus Hadwiger as a trustee and overruling objections to the proceedings relating thereto.

5. An appeal filed November 4, 1939, by John C. Hilkey, probate judge, and by Robert L. Hadwiger, from the order of October 28, 1939, prohibiting the probate court from proceeding with the administration of the estate and restraining Robert L. Hadwiger from proceeding in the probate court in matters relating to the estate.

We shall consider the appeals in the order named.

1. Robert L. Hadwiger was the junior member of the firm of Hadwiger & Hadwiger, whom the district court refused to confirm as trustee. This appeal attacks principally the action of the district court in assuming jurisdiction of the trust estate and excluding the probate court from such jurisdiction; its action in assuming jurisdiction to appoint trustees; its allowance of certain attorney's fees and its refusal to appoint him as a trustee.

Counsel for both appellants and appellee devote considerable attention to the question of jurisdiction to supervise the instant trust. The trust is to continue during the life of the testator's two sons, but in any event for fifteen years after the testator's death. The estate consists of both real and personal property. While probate courts in some states are not clothed with such jurisdiction, they do have in this state certain jurisdiction to supervise testamentary trusts, under the provision of our constitution (art. 3, § 8) and various statutes as interpreted by decisions of this court. This matter is discussed at some length in *Citizens B. & L. Assn. v. Knox*, 146 Kan. 734, 74 P. 2d 161. Such jurisdiction of the probate court, however, is not exclusive. The broad and general jurisdiction, both in law

and equity, of the district courts in this state is too well established to require discussion. This is notably true as to trust estates, the administration of which calls for the exercise of equity powers. Perhaps the leading case in point is *Knox v. Knox,* 87 Kan. 381, 124 P. 409. The exercise of such jurisdiction by our district courts is in line with the general equity powers commonly held by courts of general jurisdiction. (65 C. J. 1011; 26 R. C. L. 1283.) The appellant argues, however, that even though the district court has such jurisdiction it is only a *concurrent* one and that it cannot, in any event, lawfully take the administration of the trust estate away from the probate court except for cause which, it is alleged, is not shown by the instant record. The familiar rule of law is invoked that where two or more courts have concurrent jurisdiction, the one which first secures jurisdiction will ordinarily retain it to the exclusion of the others. The instant case, however, does not require consideration of these general principles. After a careful examination of the record we agree with appellee's contention that all the parties *consented* to assumption of jurisdiction of the *trust estate* by the district court. It is not necessary to narrate the evidence showing such consent by the Hadwigers. The expressions of consent by Gus Hadwiger, senior member of the firm, and by the attorney representing the Hadwigers at the hearing on the petition of the attorney general, are particularly in point. Under such circumstances the district court had authority to assume jurisdiction of the trust estate.

Having lawfully taken jurisdiction of the *trust estate,* the district court had power to take any incidental and necessary steps in connection therewith. Such jurisdiction included the power—in maintenance of its jurisdiction—to direct the probate court and the executor to turn over no assets of the estate to trustees or to anyone until further order of the court, and of necessity included the right of confirmation of trustees.

In the matter of attorney's fees, this appeal of Robert Hadwiger is of interest as much for what it omits as for what it includes. It denies the jurisdiction of the district court in allowing fees to other attorneys, but is silent about the fees allowed to appellant, to his father and partner, and to the executor, in the same order. The fees allowed to the Hadwigers in the order complained of amounted to $18,000, which was in addition to $7,000 previously allowed by the probate court. The fees allowed to the other attorneys were for services in the district court action, while the allowance to the

Hadwigers was for services in the probate court proceedings, which had not yet been taken over by the district court. It was not until a month later that the district court assumed full jurisdiction of the probate proceedings. If the district court was without jurisdiction to allow the other attorney's fees, as appellant contends, it certainly had none to allow the Hadwiger fees for services in the *probate* court. Moreover, appellant and his father, Gus Hadwiger, accepted the fees allowed them and cannot now complain of the order under which they received them.

The district court based its allowance of fees upon the announced consent to the allowances by the beneficiaries, parties to the action. Although appellant now contends that consent of all parties was not given, the record supports the finding of the court that such consent had been given. None of the beneficiaries from whose share in the estate the fees were to be paid objected to the allowances or is here complaining. For reasons which evidently seemed sufficient to them they agreed to the allowances. Any beneficiary, entitled to appeal from the order, might have brought here for review the question of whether there had been abuse of discretion by the trial court. It is the duty of a court in determining fees to be allowed, to give due regard to their reasonableness under all the facts of the situation, including the interests directly affected and the nature and extent of the services rendered. This is a duty owed to counsel, to those who pay the fees, and to the maintenance of public esteem and confidence in the courts. Obviously consent of the interested parties is exceedingly persuasive; but such consent is only one factor, albeit a most important one, and does not encompass the full responsibility of a court in such a matter.

There remains among the important questions in this first appeal, the question of Robert Hadwiger's right to prosecute it. The briefs give considerable attention to the question of the right of a court to disregard a testator's designation of trustees. Appellant supports with citation of very considerable authority the contention that the court must follow the clearly expressed wishes of the testator. Some of these authorities so hold even though facts clearly indicating unfitness are presented to the court, provided it appears that the testator had full knowledge of these facts when he made the designation in his will. Many other authorities are to the contrary. We pass the question for the moment. A hearing was held by the district court, over objection, on the question of the fitness of Robert

L. Hadwiger, and the record discloses much conflicting testimony. Assuming that the court had power to pass upon his fitness, we could not say in the face of the conflicting testimony, not necessary here to recite, that there was not ample evidence to support the finding of the court that Robert L. Hadwiger was not a fit person to serve as a trustee. The specific provisions of the codicil, however, under which he claims the right of appointment, make it unnecessary to determine the questions just stated. Those provisions were as follows:

"Fourth: Knowing that the interests of August Achenbach and Leonard Achenbach as beneficiaries of the trust in paragraph twenty-third and paragraph twenty-sixth of my said will would in some instances conflict with their interest as trustees of said trust, I hereby appoint and constitute Gus Hadwiger and Robert L. Hadwiger or *either or both of them as trustees in lieu of August Achenbach and Leonard Achenbach.*"

The testator did not definitely designate both Gus Hadwiger and Robert L. Hadwiger to serve as trustees. He only provided for the appointment of *"either or both of them* as trustees in lieu of August Achenbach and Leonard Achenback." Nor was there any definite requirement that there be *three* trustees. The court *did* confirm the appointment of *Gus* Hadwiger, and such appointment complied with the terms of the codicil. It is true that for reasons made to appear later and which will be hereinafter considered, Gus Hadwiger was removed as trustee, but such removal was entirely independent of the refusal to confirm Robert L. Hadwiger.

The judgment of the court refusing to approve Robert L. Hadwiger as trustee will be affirmed, and as he retains no other interest in the estate, his appeal as to other matters will be dismissed.

2. This appeal is by Robert Hadwiger and Gus Hadwiger. As to the former, it will be dismissed for reasons heretofore stated.

The appeal is from the order of July 10, 1939, in which the district court, upon its own motion, took from the probate court jurisdiction of the executor and all administration of the estate. If brought by one entitled to do so, this appeal would present a very serious question. Persuasive citations of authority are presented in support of the proposition that while district courts have a jurisdiction concurrent with that of probate courts in some matters, their jurisdiction does not extend to the distribution of the estates of a decedent, except upon appeal. (*Keith v. Guthrie,* 59 Kan. 200; *Staker v. Gillen,* 143 Kan. 212, 53 P. 821, and cases therein cited.) Having assumed jurisdiction of the *testamentary*

*trust,* the district court undoubtedly had power to take any necessary and reasonable action to protect its jurisdiction and to bring about the effective and expeditious administration of the trust. Appellee argues that in doing so it had power to take over the probate proceedings for the purpose of preventing unnecessary and vexatious delays by an unfriendly probate court. The contention is not without support. However, the conclusion we have reached as to Gus Hadwiger's right to prosecute this appeal makes it unnecessary to determine the question here.

The appeal of Gus Hadwiger can only be maintained if the order removing him as trustee was invalid. Power to supervise and direct the administration of a trust must necessarily include effectual control of the trustees, in order to carry out the directions of the trustor and protect the interests of beneficiaries. Incidental to the court's paramount duty to see that trusts are properly executed is its power to remove trustees for cause. (65 C. J. 615; Restatement, Trusts, § 107; *May v. May*, 167 U. S. 310.) This power, commonly accorded to courts of equity, is fortified by the provisions of our own statutes. (G. S. 1935, 67-412.)

The record discloses that a hearing was held upon a motion filed on October 23, 1939, by August Achenbach, one of the trustees, and various beneficiaries of the trust, asking removal of Gus Hadwiger as trustee. It was alleged that Gus Hadwiger, appointed by the court as trustee on June 3, 1939, had failed and refused to coöperate with the other trustees; that he had refused to recognize the validity of the appointment of August Achenbach as trustee; that he was being dominated by his son, Robert Hadwiger, and that by his actions he was preventing the proper administration of the trust estate. At the opening of the hearing counsel for Gus Hadwiger interposed objection to the proceedings on the ground that the court was without jurisdiction in the matter. The objection being overruled, the hearing proceeded. Numerous witnesses, including Gus Hadwiger, were heard. Having carefully perused the testimony, we cannot say that the court abused its discretion in ordering removal. We find ample evidence to support the court's finding that Gus Hadwiger had failed to coöperate with his co-trustees; that he had failed to abide by orders of the court; and that it would not be for the best interest of the beneficiaries for him to remain as trustee. The order of removal will therefore be affirmed.

Having no right to appeal as trustee and having no beneficial

interest in the estate, Gus Hadwiger is not entitled to prosecute this appeal as to the other matters, and as to such matters the appeal will be dismissed.

3. This appeal is also by Gus Hadwiger and Robert L. Hadwiger, and for reasons heretofore stated, will likewise be dismissed.

4. This appeal by Gus Hadwiger and by Adolph Achenbach must also be dismissed as to Gus Hadwiger for reasons heretofore stated. Adolph Achenbach appeals as a legatee and heir, and the appeal is from the order of October 28, 1939, ousting Gus Hadwiger as a trustee, and from orders "overruling the objections to the said proceedings for the reason that the court did not have jurisdiction." The first ground has already been disposed of. The second is that the district court did not have jurisdiction of the proceedings. But on that issue the appeal by Adolph Achenbach comes too late. The order assuming jurisdiction of the trust estate was entered on June 8, 1939, and the order taking over jurisdiction of the probate proceedings was entered on July 10, 1939. This appeal was not filed until November 4, 1939.

5. This appeal was filed November 4, 1939, by John C. Hilkey, probate judge of Barber county, and by Robert L. Hadwiger. For reasons which need not be restated, it will be dismissed as to Robert L. Hadwiger. The appeal is from the order of October 28, 1939, prohibiting the probate court from proceeding with the administration of the estate and restraining Robert L. Hadwiger from proceeding in the probate court in matters relative to the estate. We may state briefly the situation out of which the order of October 28, 1939, arose. The executor filed his final report in the probate court in December, 1938, together with his application for discharge. The matter was regularly set for hearing in January, 1939, and the statutory notice given. On the date set, the matter was indefinitely continued pending final determination of the amount of the estate and the inheritance taxes. While the final settlement was thus being held in abeyance in the probate court, the district court on July 10, 1939, made a finding that "it is to the best interest of said estate and the due administration thereof that the administration of said estate and all proceedings therein should be transferred to this court, and that the court should assume the full and complete administration of the estate of Jacob Achenbach, deceased, and that the administration thereof should be taken over by this court," and an order was issued transferring such administration from the probate

court and directing that a certified copy of the order be delivered forthwith to the probate court. Very little remained to be done in the probate proceedings. The estate and inheritance taxes had then been paid.

Although contention is now made that much remained to be done in the probate court, the record is to the contrary. Indeed, Robert Hadwiger's own petition, filed in the probate court October 5, 1939, specifically alleged that nothing remained to be done but the final settlement and the discharge of the executor. On September 7, 1939, the executor filed in the district court his final report and application for discharge. Certain proceedings not necessary here to narrate, were had, and on September 28, 1939, after hearing regularly held, the final report was duly approved and order entered discharging the executor and releasing his bondsmen upon the filing of proper receipts showing assignment and transfer to the trustees of the property theretofore enumerated in the order. The order contained the usual recitals as to notice, etc. From this order the executor and the Hadwigers filed an appeal, but no appeal was taken by any beneficiaries of the estate. About a week later, on October 5, 1939, Robert L. Hadwiger filed the petition heretofore referred to in the *probate* court reciting the proceedings theretofore had in that court, asking that the executor be directed to proceed with final settlement, and in the event that he failed to do so, that some other person be appointed as a special administrator to perform such duties. On the same day, October 5, 1939, the probate court entered an order reciting that the allegations of the petition had been found to be true and setting a hearing thereon for October 17, 1939, and directing that notice be given to the executor. On October 12, 1939, the executor filed in the probate court an application to set aside this order of October 5, narrating the proceedings theretofore had in the district court with reference to the discharge of the executor. There then followed a succession of opposing orders by the judge and a judge pro tem of the probate court—maneuvers which need not be narrated. Whereupon the executor filed in the district court an application for a writ of prohibition, and an alternative writ was forthwith issued, directed to John C. Hilkey, judge of the probate court, and to Robert L. Hadwiger, restraining them from proceeding further in the matter until further order of the district court, and directing them to appear on a day set and show cause why a permanent writ should not be issued. Thereafter, motion to quash and

demurrers having been overruled, an order was issued restraining Robert L. Hadwiger from further activity in the matter in the probate court, and prohibiting that court from any further proceeding in connection with the estate. From that order, entered on October 29, 1939, this appeal is taken.

It may be noted, in the first place, that the writ of prohibition of which the probate court complains, came about as a result of proceedings for final settlement initiated therein upon a petition filed by Robert Hadwiger. For reasons heretofore noted, the petitioner was without standing to proceed in the matter. However, it will be here assumed that the probate court, unless barred from doing so by the action theretofore taken in the district court, had power, upon its own motion, to direct the executor to proceed with final settlement. The question is thus presented as to the right of a probate court to prosecute an appeal from orders of the district court, which it believes constitute an invasion of its jurisdiction.

Assuming for present purposes the validity of the action of the district court in assuming jurisdiction over the probate proceedings, the use of a writ of prohibition constituted a proper remedy. (*Beeler v. Beezley*, 126 Kan. 268, 267 Pac. 1112; *Foley v. Ham*, 102 Kan. 66, 169 Pac. 183.)

Moreover, it is generally held that an order granting a writ of prohibition is appealable (50 C. J. 713, § 149; High, Extraordinary Legal Remedies, 3d ed., 748, § 794; *Smith v. Whitney*, 116 U. S. 167; in the *Foley v. Ham* and *Beeler v. Beezley* cases, *supra*, appeals were allowed without question.) Some jurisdictions, however, do not recognize the right of appeal from an order *refusing to grant* a writ of prohibition.

We have made no thorough examination of the question of whether the court itself, independent of the interested parties, may prosecute an appeal from an order granting the writ. It is suggested in *People, ex rel., v. Justices of Marine Court*, 81 N. Y. 500, 507, that the purpose of and right of appeal is to protect the rights of the litigants and not to protect the jurisdiction of the court itself. However that may be, the record discloses that all claims against the estate had been allowed or were barred. The final report and accounts had been approved, the assets delivered to the trustees and the executor discharged. From the order of final discharge no appeal was perfected. No beneficiary here complains of the final settlement. The issue, therefore, of the right of the district court to close

the estate, and the consequent question of the right to issue the writ, have become moot. For that reason, if for no other, the appeal of the probate court must be dismissed. (4 C. J. S. 1967-1969; 3 Am. Jur. 308; *City of Topeka v. Ritchie et al.*, 102 Kan. 384, 170 Pac. 1003; *Cromb v. Cole*, 114 Kan. 171, 216 Pac. 1098; and many other cases cited in § 6, Appeal and Error, Hatcher's Kansas Digest.) A situation almost identical with that of the instant case was presented in *People, ex rel. Stafford, v. Washburn*, 227 N. Y. 585, 124 N. E. 723. Petition for writ of prohibition, involving judicial settlement of accounts of testamentary trustees, was there denied on the grounds that the proceedings had been concluded and the issue had become moot.

Having reached the conclusions heretofore stated, we find that:

1. The order and judgment of June 3, 1939, refusing to appoint and confirm Robert L. Hadwiger as a trustee should be affirmed.

2. The order and judgment of October 28, 1939, removing Gus Hadwiger as trustee should be affirmed.

3. All appeals herein as to other orders and judgments complained of should be dismissed. It is so ordered.