No. 34,495

ED A. EIKELBERGER, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SALINE, *Appellee*.

(100 P. 2d 651)

Opinion filed April 6, 1940.

*Forrest J. Horton,* of Salina, for the appellant.
*C. L. Clark* and *David Ritchie,* both of Salina, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: Plaintiff and three other clerical assistants in the office of the county clerk filed small bills for compensation for overtime employment. The board of county commissioners rejected their claims. They sued, then assigned all their claims to one of their number, and by agreement and consent of parties the proceedings were tried and decided as a single action. The district court gave judgment for defendant.

That judgment was rendered on March 6, 1939. Three months later plaintiff served and filed a notice of appeal, which reads:

"NOTICE OF APPEAL

"To: *The Board of County Commissioners of Saline County, Kansas, and C. L. Clark and David Ritchie, its attorneys:*

"Please take notice that the plaintiff, Ed Eikelberger, for himself and as the owner and holder of claims of D. R. Barekman, E. W. Cruse, Glenn Peterson, and A. J. McCraner, does appeal to the supreme court of the state of Kansas, from the judgments, orders and decisions of the above-entitled court, made and entered in the above-entitled action on the 6th day of March, 1939, rendering judgment in favor of the defendant and against the plaintiff, and overruling separate motion of this plaintiff for a new trial of the above action.

"Dated this 6th day of June, 1939."

. . . . . . . . . . . . . .

"Service of copy of appeal acknowledged this 6th day of June, 1939.

C. L. CLARK, *County Attorney.*

"Filed June 7, 1939.

O. H. FORD, Clerk District Court, Case No. 15475."

The statute governing the time within which an appeal to the supreme court from a judgment of the district court must be perfected is "two months from the date of the judgment or order from which the appeal is taken." (G. S. 1939 Supp. 60-3309.) In the instant case no appeal was attempted to be perfected for three months. This was too late. In such a situation, this court is without jurisdiction to consider it. In *Morell v. Massa,* 1 Kan. 224, decided in 1862, it was held that the supreme court cannot enlarge the time fixed by statute within which proceedings in error or appeal may be effected. Down through the years the legislature has repeatedly reduced the time within which an appeal may be taken, and our many decisions show, without exception, that this court has governed its procedure accordingly. (*Rodenberg v. Rodenberg,* 149 Kan. 142, 143, 86 P. 2d 580.) In *Hartzell v. Magee,* 60 Kan. 646, 57 Pac. 502, it was said:

"Parties to a proceeding in error cannot by voluntary appearance, or even by agreement, confer upon an appellate court power to hear and determine a proceeding brought after the expiration of the time limited therefor." (Syl. ¶ 2.)

There is a statement in plaintiff's abstract that the trial court overruled "appellant's motion for a new trial" on April 8, 1938. What were the grounds of that motion are not shown; no journal entry of judgment concerning it is submitted; the only matters appealed are "the judgments, orders and decisions, . . . made and entered . . . on the 6th day of March, 1939."

There is no specification of error of any sort in the record; and in the circumstances no judicial leniency toward irregularities of appellate procedure would permit us to hold that any ruling of the trial court adverse to appellant has been appealed in time to confer jurisdiction on this court to review it.

The appeal is dismissed.