No. 35,138

GRACE ACHENBACH, *Plaintiff*, v. LOUIS A. BAKER, Executor, etc., et al., *Appellees;* ADOLPH ACHENBACH, *Appellant.*

(118 P. 2d 584)

Opinion filed November 8, 1941.

A. L. Orr, of Medicine Lodge, *George McGill, Harry C. Castor, Thomas E. Elcock* and *J. Paul Jorgensen,* all of Wichita, for the appellant.

*Paul R. Wunsch,* of Kingman, for the appellees.

The opinion of the court was delivered by

HOCH, J.: The estate of Jacob Achenbach, deceased, involved in this appeal, has been before this court heretofore in connection with other matters relating to administration. The facts, generally, with reference to the estate and the litigation may be found in the opinion in the prior appeal (*Achenbach v. Baker,* 151 Kan. 827, 101 P. 2d, 937) and need not be repeated here.

Adolph Achenbach, one of the parties to the prior appeal, here appeals from the allowance of fees made by the trial court to the three trustees of the trust estate; from the order overruling his motion for further findings of fact and conclusions of law with reference to such allowance; from the order overruling his motion for leave to file amended pleadings, and from the order overruling the motion for a new trial with reference to all such matters.

On July 8, 1940, the three trustees of the residuary trust estate, Baker, August Achenbach and Moltz filed in the district court their first annual report covering the period from June 3, 1939, when the district court assumed jurisdiction of the trust, to June 30, 1940. This report covers approximately thirty-three pages in appellant's abstract. With the exception of four or five pages, the report con-

sists of itemized statement of assets, income, receipts and expenditures, balance sheet, etc. In addition to this financial statement, covering hundreds of items, the report contains certain recitals not here material and a prayer for an allowance of compensation to the trustees and to their attorney for services rendered in connection with administration of the trust.

No objection was made to the allowance of the attorney's fee, but appellant complains of the allowance made to the trustees. The objection may be disposed of by a very brief statement. The report shows assets in the residuary trust estate of $499,179.86. The principal items are, in round numbers: cash, $26,000; real estate, $54,000; bonds, $163,000; stocks, $62,000; unsecured notes, $32,000; secured notes, $1,700; real estate mortgages, $141,000; miscellaneous personal property, $6,000. The promissory notes consist of a large number of individual instruments; there are scores of rental properties—both city lots and farm land; and a large number of individual mortgages. This recital is sufficient to indicate, in a general way, not only the size and the nature of the trust but also the managerial task and the responsibility devolving upon the trustees. Each trustee was required to furnish a bond of $25,000. For performing the services required in administering this large and diversified trust estate and for carrying the responsibility imposed, the trial court made a total allowance to the three trustees, for services rendered within the period covered by the report, of $3,282.88. It is that allowance to which appellant now objects. In this connection it may be noted that in his objections to the report, filed prior to the hearing on the matter, appellant alleged that the three trustees expected to apply for "an allowance of $5,000" for the period indicated, and not knowing whether such an allowance would be reasonable, felt constrained to and did object to the allowance. The amount allowed was computed on the basis of $3,000 a year to Baker—who, it appears, had performed greater services than the other trustees—and of $1,000 a year to each of the two others. These allowances were made after notice to all interested parties and after formal hearing at which testimony was submitted by the trustees, and by the appellant in opposition. Appellant was represented by counsel at the hearing, and argument was heard.

Appellant cites numerous authorities to the effect that where the statutes do not prescribe a method of computing compensation to trustees, the rule is that the allowance must be fair and reasonable.

There is no controversy as to that rule. In addition to that elementary rule of law, it is also generally held—following the rule in appeals generally—that the amount of compensation to be allowed is for determination of the trier of the facts, and that the action of the trial court will not be set aside unless arbitrary or capricious, unsupported by substantial evidence, and unless the allowances made are clearly shown to be unreasonable or unlawful. (4 Bogert, Trusts and Trustees, § 976; 65 C. J. 933, § 848, note 34; *Locke v. Cope,* 94 Kan. 137, 142, 146 Pac. 416; *Chapman v. Kennett,* 94 Kan. 535, 540-541, 146 Pac. 1153.) Appellant has not shown and certainly this court cannot say that the trial court abused its discretion or that the allowance made for supervision and management, over the period covered, of a half-million dollar trust of this character was excessive or unreasonable. In view of the large fees theretofore allowed in connection with this estate and acquiesced in by all interested parties, including the present appellant, the objection to the instant allowance is not easy to understand. Although such prior allowances were not in issue on the former appeal, this court took occasion to make some comment concerning the matter and nothing need be added to what was then said.

Appellant next alleges error in the failure of the trial court to make further findings of fact and conclusions of law in connection with the allowance of compensation to the trustees. Appellant relies upon G. S. 1935, 60-2921, which provides that upon trial of questions of fact the court shall state, upon request, the conclusions of fact found, separately from the conclusions of law. Now what were the conclusions of fact to be found in this matter? The amount of compensation to which the trustees were entitled, based upon the services shown to be performed. That is precisely what the court found and stated. The finding was made after formal hearing, with proper notice at which both the trustees and the appellant gave testimony. Certainly the court was not required to relate in its findings of fact all the services performed by the trustees in administering this large and diversified trust. We find no merit in appellant's contention.

Appellant further contends that the trial court erred in its order of October 28, 1940, overruling his motion to file amended pleadings seeking further construction of the will of Jacob Achenbach. This contention is also without merit. Brief recital will suffice to disclose the situation. In July, 1938, appellant filed along with others an application for construction of the will. He had also theretofore

filed other pleadings either seeking construction, or, by way of answer or reply, to pleadings of other parties. On these original pleadings the matters were later tried, the will construed in an extended opinion by the trial court, and appropriate order made. Various appeals were taken to this court, but none of them involved the trial court's construction of the will. Appellant's instant motion was for leave to file an amended reply, an amended answer and an amended application for construction of the will. He alleged that certain portions of the will, construction of which had been asked in the original application, had not been construed; that with reference to other portions construction had never been asked; and "that certain constructions which applicant requested . . . which remained undisposed of are now believed by your applicant to be not well taken."

In overruling the motion to amend the original pleadings, the trial court made it clear that it was not foreclosing application for further construction of the will. The court said:

"By way of explanation of the court's position, relative to Adolph Achenbach's right to file application for construction of the Jacob Achenbach will, it may be stated that the court has at no time intended to deny to Adolph Achenbach, or to any of the other beneficiaries of said will, the right to ask and secure additional construction. The application and right to which counsel refers as being denied Adolph Achenbach, was not, in the court's view, an application for construction, but was a motion to amend the pleadings in the original case. This motion was denied, because on the original pleadings the matter was fully tried in this court and specific provision made for subsequent applications for construction. The matter was then appealed, and the case, upon the original pleadings, was finally determined by the supreme court, in affirming the previous orders of the district court. With such a situation, this court felt that it was neither necessary, nor proper, to amend the pleading, in a case, after a final decision thereon. Under that decision, Adolph Achenbach and any other beneficiary, may apply for such construction of said will as he may deem himself entitled to. . . . I don't propose to permit any amendment of the pleadings in the original case, because I think it would be highly improper since the case has been disposed of to amend the pleadings. But so far as any one of the parties desiring or wishing to have construction of the will made, why, I am ready to hear those at any time."

In view of this statement by the trial court the appeal from the order denying permission to amend the old pleadings is devoid of substance. Appellant was deprived of no right to secure construction of the will in any matter not already finally determined. What justification there was, therefore, for appealing here on that issue is not apparent.

Appellant devotes a large part of his brief to comment and criticism concerning various items shown in the annual report of the trustees. But none of that is brought in issue by this appeal. Aside from the compensation of the trustees, no questions arising in connection with the annual report are here involved. No question of mismanagement, by way of petition to remove the trustees, or otherwise, is before us for review, nor as far as the record discloses is any such petition pending in the trial court. Appellant has not been denied opportunity to present whatever objections he has to the report or to the management of the trust. Indeed, the journal entry covering the order allowing trustee's fees from which this appeal is taken recites:

"And thereupon, upon agreement of the parties appearing as aforesaid, it is ordered that *all matters remaining undisposed of herein be continued without day appointed for hearing, with leave granted to any party to apply for a setting of any such matters upon notice to the other parties herein.*" (Italics ours.)

It was asserted in the argument here, and not denied, that appellant has made no formal application for the setting of a hearing on matters undisposed of in connection with the report, with notice of such application to other parties, as provided for in the above order. Nor is denial of a hearing on any such matter included in assignment of error by appellant.

The overruling of the motion for a new trial presents no questions not already discussed and determined herein.

We find no error. The judgment is affirmed.