No. 35,331

In the Matter of the Estate of Amanda C. Pennington, Deceased (AMANDA PHILLIPS et al., *Appellees*, v. MARTHA CARSON et al., *Appellants*).

(119 P. 2d 488)

Opinion filed December 6, 1941.

*W. E. Broadie*, of Winfield, for the appellants.

*J. B. McKay*, of El Dorado, for appellees Amanda Phillips, Mary Brown, Bert Pennington, W. L. Pennington and Lucy Slusser; *Roy H. Wasson*, of Wichita, and *Harry O. Janicke*, of Winfield, for appellees Roy H. Wasson and Myrel W. Green, executors.

The opinion of the court was delivered by

DAWSON, C. J.: The district court of Cowley county dismissed an appeal from an order of the probate court admitting a will to probate. A connected case was before this court in *Pennington v. Green*, 152 Kan. 739, 107 P. 2d 760.

The will was that of the late Amanda C. Pennington, of Cowley county, who died on April 23, 1939. On May 3, 1939, her will, executed March 19, 1937, with a codicil thereto dated April 16, 1938, was admitted to probate.

On February 1, 1940, an attempt was made to appeal from the order of May 3, 1939, admitting the will to probate—8 months and 28 days thereafter.

The district court dismissed the appeal for the reason that under the pertinent provisions of the statute then extant, the appeal was filed too late. It is settled law that an order probating or refusing to probate a will is an appealable order. (G. S. 1935, 22-1101; *In re Perkins,* 145 Kan. 611, 66 P. 2d 420; *In re Estate of Woodworth,* 145 Kan. 870, 875, 67 P. 2d 553.) The same statute, section 22-1102, provides that "all appeals shall be taken within thirty days after the making of such decision."

Under the statute just quoted the time in which to appeal from the order probating the will expired on June 3, 1939. Of what avail then was the attempt to appeal which was made on February 1, 1940, several months later? Obviously none. Once the statutory time allowed for an appeal has gone by, an appellate court has no jurisdiction to entertain the appeal. (*Estate of McDermott v. Loftus,* 27 Kan. 68; *Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251; *Eikelberger v. Saline County Comm'rs,* 151 Kan. 619, 100 P. 2d 651.)

Does the fact that the new probate code of 1939 (G. S. 1939 Supp. 59-1a01 *et seq.*) which took effect on July 1, 1939, and which allowed nine months in which to appeal from an order of the probate court admitting or refusing to admit a will to probate, have any bearing on the question at bar? By no means. The time in which to appeal elapsed on June 3, 1939—27 days before the new probate code took effect. The latter statute is not susceptible of a construction that the legislature intended to reach backwards and breathe renewed vitality into appellant's defunct right of appeal. In our early case of *Bowman et al. v. Cockrill,* 6 Kan. 311, 340, it was said:

"After a cause of action is once barred by a statute of limitations it is not in the power of the legislature to revive it by subsequent legislation; (citations)."

In *Bailey v. Baldwin City,* 119 Kan. 605, 607, 240 Pac. 852, it was said:

"The general rule is that statutes are to be interpreted as operating on cases or rights which arise after the statutes are enacted, and are not to be construed as operating retrospectively or as authorizing an interference with existing rights or cases unless the intention to so operate is expressly declared."

And see *Siefkin v. Siefkin,* 150 Kan. 396, 92 P. 2d 1005; also the early hornbook case of *Bagg's Appeal,* 43 Pa. St. 512.

Under pertinent provisions of statute extant when Amanda Pennington's will was admitted to probate, there was open to appellants another avenue of possible relief—a civil action in the district court

to contest the will *after probate* could be brought within one year. (G. S. 1935, 22-223.) Nor was that right affected by the enactment of the new probate code. (G. S. 1935, 77-201, *first clause; Serrault v. Price,* 125 Kan. 548, 265 Pac. 63.) Appellants, however, did not see fit to invoke their right to contest the will. In the brief their counsel speak with some acerbity about switching of counsel, repudiation of agreements, refusal of opposing counsel to enter appearances which necessitated the formality of serving notices, and incurring the expenses of the sheriffs of three counties, etc. But these incidents detract nothing from the district court's judgment dismissing the belated appeal from the order of the probate court, and that judgment is therefore affirmed.