No. 35,865

In the Matter of the Trust Estate of Jacob Achenbach, Deceased (ADOLPH ACHENBACH, *Appellant,* v. LOUIS A. BAKER et al., *Appellees*).

(139 P. 2d 407)

Opinion filed July 10, 1943.

*Thomas E. Elcock,* of Wichita, argued the cause, and *George McGill* and *H. C. Castor,* both of Wichita, were on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Samuel Griffin, O. M. Wheat* and *J. R. Eggleston,* all of Medicine Lodge, were on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: We are asked to review objections to certain annual reports filed in district court by trustees of a testamentary trust.

The objections, made by one of the beneficiaries under the trust, were overruled and the reports were approved. This appeal followed.

The trust estate is that of Jacob Achenbach, deceased, of Barber county. We have heretofore considered two separate appeals involving this trust (*Achenbach v. Baker,* 151 Kan. 827, 101 P. 2d 937, and *Achenbach v. Baker,* 154 Kan. 252, 118 P. 2d 584). The facts generally with reference to the creation and character of the trust are set forth fully in the prior opinions and need not be repeated here.

We are met at the outset by a challenge to appellant's right to be heard. Appellees contend that except as to the overruling of the motion for a new trial the appeal was filed too late. (G. S. 1941 Supp. 60-3309 provides that "the appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken.")

The record is voluminous and involved, but the facts pertinent to the immediate question may be briefly stated. The appellant, Adolph Achenbach, filed at different times extended objections to the first, second, and third annual reports of the trustees and requested "findings of fact" and "conclusions of law." Many of the objections involved construction of the will of Jacob Achenbach creating the trust—interpretations which, it was averred, had become binding, and the contention that various payments made by the trustees out of the income account should have been made from principal. Some of the objections were ruled upon prior to the orders which appellant now seeks to have reviewed. The court made extended findings and filed a memorandum opinion which occupies more than sixteen pages of the abstract. In the opinion the objections were taken up and dealt with *seriatim.* In conformity with the findings and conclusions of law a separate journal entry was filed as to each of the three annual reports. With minor exceptions, not here at issue, the three reports were approved and certain allowances made to the trustees and their attorney. All three journal entries were filed on September 11, 1942. Motions for a new trial were filed and were overruled on November 14, 1942. Notice of appeal to this court was served on January 8, 1943, and filed on January 9, 1943, not quite two months after the motions for new trial were overruled, and approximately four months after the orders complained of were entered. Appellant contends that the perfecting of the appeal within two months after the overruling of the motion for new

trial brings here for review the orders of September 11, 1942, over-ruling the objections and approving the trustees' reports.

The question may be divided as follows:

1. Was the proceeding relating to approval or disapproval of the trustees' reports a "trial" within the meaning of the civil code?

2. Was a motion for a "new trial" necessary to protect the right of appellate review?

3. If such motion was unnecessary can the orders of September 11, 1942 be now reviewed?

Before considering those questions we note the well-established rule that unless the appeal is perfected in time we are without jurisdiction to entertain it. (*In re Estate of Pennington,* 154 Kan. 531, 532, 119 P. 2d 488, and cases there cited.)

A trial is defined by our code as a "judicial examination of the issues, whether of law or fact, *in an action.*" (G. S. 1935, 60-2901.) (Italics supplied.)

A "new trial" is defined as "a reëxamination in the same court of *an issue of fact* after a verdict by a jury, report of a referee or a decision by the court." (G. S. 1935, 60-3001.) (Italics supplied.)

An action is "an ordinary proceeding in a court of justice by which *a party prosecutes another party* for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (G. S. 1935, 60-104.) (Italics supplied.)

A civil action is commenced by filing a petition and causing summons to be issued. (G. S. 1935, 60-301.)

It is clear that under these code provisions the filing of objections to the trustees' reports did not constitute the commencement of an "action" and the hearing and order approving the reports did not constitute a "trial." It follows that no motion for a "new trial" was either necessary or appropriate. *McDermott v. Halleck,* 65 Kan. 403, 69 Pac. 335, is perhaps our leading case on the subject. In that case an insolvent private bank was in process of liquidation. Certain promissory notes were presented to the receiver for allowance against the trust in his hands and upon the receiver's refusal to make the allowance the claimant filed a motion for an order directing the receiver to allow the demand. The receiver filed an answer, evidence was taken, and the motion for an order of allowance was overruled. Appeal was taken to this court and the contention

was here made that the order could not be reviewed because there had been no motion for a "new trial." After taking note of the rule that trial errors cannot be reviewed unless called to the attention of the trial court in a motion for a new trial, the court carefully examined the question of the nature of the proceeding and held that it was merely a hearing and not a "trial" and that therefore no motion for a "new trial" was necessary. In *Federal Land Bank v. Richardson*, 146 Kan. 803, 805, 73 P. 2d 1005, it was held—citing *McDermott v. Halleck*, supra—that no motion for a new trial was necessary for review of rulings on motions to confirm a sheriff's sale and to determine the value of property sold upon a foreclosure of a real-estate mortgage. It was there said that "a motion for new trial under this section (G. S. 1935, 60-3001) is limited to issues of fact after a verdict by a jury, or a decision of the court or referee, upon the trial of issues raised by pleadings in an action." (A motion is not a pleading within our code definition, G. S. 1935, 60-703.) To like effect see, also, *Kessler v. Frost*, 103 Kan. 711, 713, 175 Pac. 967, in which review was sought of an order discharging a garnishment and it was held that the presentation and determination of the motion to discharge constituted a hearing and not a trial. (See, also, *Prudential Bldg. & Loan Assn. v. Greenlee*, 141 Kan. 667, 43 P. 2d 217; *Mayall v. American Well Works Co.*, 149 Kan. 781, 782, 89 Pac. 2d 846.)

If the instant proceeding was not a trial it follows that the date when the motion for a "new trial" was overruled cannot be used to support the timeliness of the appeal. However, even if the proceeding be considered a trial we would still be compelled to hold that the appeal was not perfected in time. No question is here urged by appellant which is not essentially a finding of law which inhered in the order of September 11, 1942, of which he complains. In his brief the appellant states that the questions presented are whether the trustees correctly charged certain payments out of the "income" of the trust; whether the trustees correctly transferred to the account of "principal" certain sums from "accumulated income" account shown by the report of the executor and interim trustee; whether the trustees are entitled to credit for a certain sum paid by them in connection with certain litigation involving transactions by the Achenbach-Baker Morgage Company; as to the measure of discretion conferred upon the trustees under the Achenbach will and under the will as interpreted by the trial court; whether the

trustees abused their discretion in various particulars. Every one of these questions, urged upon the trial court at the hearing, was a question of law and was passed upon by the trial court in overruling the objections and approving the reports. Being entirely questions of law, the motion for a new trial simply amounted to asking the court to rule again on the same questions. To secure the review of these questions of law there was neither occasion nor necessity for the motion. (*Tacha v. Railway Co.*, 97 Kan. 571, 155 Pac. 922; *McLeod v. Palmer*, 96 Kan. 159, 150 Pac. 535.)

It is well established that when a motion for new trial is unnecessary the time for taking appeal cannot be extended by filing such a motion. (*Sheets v. Henderson*, 77 Kan. 761, 93 Pac. 577; *Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 48, 39 Pac. 718; *Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251; *Buzbee v. Norstorf*, 105 Kan. 270, 182 Pac. 644.)

In view of the conclusion reached that the appeal was not timely perfected no further consideration is required. We have, however, considered appellant's contentions on their merits and in view of the record thoroughly examined in this as well as in the two prior appeals feel that further brief comment should be made because of the public as well as the private interests involved. To that end we shall very briefly consider one of the objections to the action of the trustees principally urged by appellant, and which involves a question that pervades many of his objections. In passing we may say that of the large number of the appellant's objections many would require very little discussion.

In addition to substantial specific bequests and devises which appellant, Adolph Achenbach, received under the will of his father, he was given an allowance during his natural life of $250 a month, and at the end of fifteen years after the death of his father will be entitled to share equally with his brother, August Achenbach, in the accumulated and current income from the trust. He urges that the provision of the will that these monthly payments—to him and in equal amounts to his brother, August Achenbach—are to be made "from said trust fund" requires the trustees to make such payments from the principal and not from any income accumulated by the fund. We agree with the trial court that the contention is untenable. Not only does the term "trust fund" ordinarily and naturally include not only the original principal but additions thereto from income earned by it, but in the instant case the testator specifically pro-

vided that the trustees should be sole judges of what constitutes principal and what constitutes income. Nor did any action shown by the record, in approval of reports of the executor, take from the trustees the large discretion in management of the trust estate conferred upon the trustees by the testator.

Nothing here said is to be construed as impinging in any way upon the right which appellant or any other interested party has to bring proper action to require faithful administration of this trust. But we have noted the critical comment made by the trial court in its painstaking memorandum opinion as to the attitude of appellant with reference to the trust administration and cannot say that the comment was either unjustified or untimely. Appellant has made the abstracts in the prior appeals a part of the instant record. From our careful examination of the whole record we are convinced that many of the contentions made have plainly been without merit. As to the origins and the responsibility for the personal ill will which seems to exist in connection with this estate we pass no judgment. But we do say that while the trustees should be held to economical, businesslike, faithful and lawful administration of the trust, such administration should not be impeded nor the trustees harassed and the trust funds depleted by capricious and needless litigation.

Not having been perfected in time, the appeal must be dismissed. It is so ordered.