No. 36,283

RALPH PALMER et al., *Appellees*, v. FRANK HELMER et al., *Defendants*, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOURBON et al., *Appellants*.

(157 P. 2d 531)

Opinion filed April 7, 1945.

*Frank O'Brien,* county attorney, was on the briefs for the appellants.

No appearance was made for the appellees.

*Douglas Hudson, Walter B. Patterson,* both of Fort Scott, *T. M. Lillard, Robert L. Webb, Ralph F. Glenn* and *Margaret McGurnaghan,* all of Topeka, as *amici curiae.*

The opinion of the court was delivered by

BURCH, J.: The appeal in this case raises the question whether personal property tax liens on real estate become dormant. To be more specific, the question is whether the abstract of the amount of delinquent personal property taxes, penalty and costs, accompanied by the last tax warrant, when filed with the clerk of the district court and entered by him in his judgment docket as provided by G. S. 1935, 79-2105, are judgments, and if so, are the liens upon real estate created thereby such judgments as become dormant under the provisions of G. S. 1935, 60-3405, unless revived under G. S. 1935, 60-3221.

The appeal arises out of a quiet-title action in which the board

of county commissioners of Bourbon county, Kansas, was named as a defendant along with others, which others have not appealed. The question raised cannot be passed on in this appeal because this court does not have jurisdiction.

In the petition it was alleged that personal property tax judgments were of record against the land involved, which judgments had been filed in the years 1914, 1915 and 1916, and the petition further alleged that such tax judgments were dormant and were not, therefore, valid liens upon the real estate. On April 19, 1944, the trial court filed findings of fact, conclusions of law, a memorandum in which it set forth the reasons justifying its conclusions of law, and on the same date the trial court signed and the clerk filed a journal entry designated as a "Decree in Quiet Title." The decree set forth that the personal tax judgments were dormant and no longer a lien on the real estate, and further specifically set forth that the defendants, including the board of county commissioners, were forever restrained and enjoined from ever making any claim to the land involved and that the personal tax judgments *are now dormant and dead and no longer a lien on any part of this land. Plaintiffs shall pay the court costs.*" (Italics supplied.)

It will thus be seen that on April 19, 1944, the district court passed upon the merits of the controversy and entered a decree in accordance with its findings and conclusions. Thereafter, on April 20, 1944, the board of county commissioners caused to be filed a motion for a new trial, in which the following grounds were set forth:

"1st. Abuse of discretion by the court.

"2d. Erroneous rulings of the court.

"3d. The decision of the court is in whole or in part, contrary to the evidence."

On the 8th day of September, 1944, the trial court entered an order on the trial docket of said court overruling and denying the motion for new trial filed by the board of county commissioners, and entered judgment in favor of the plaintiffs and against the defendant board. Notice of appeal was served upon the plaintiffs and filed with the clerk of the court as of the 20th day of September, 1944, which date was approximately five months after the date the decree quieting title had been entered but within two months of the date when the motion for a new trial had been overruled. Examination of the only specification of error discloses that it reads as follows:

"The court erred in finding that personal property tax warrants filed in the office of the clerk of the district court, pursuant to G. S. 79-2105 were judgments to which G. S. 60-3405 is applicable."

It will be noted at once that the order overruling the motion for a new trial was not assigned as error. Such being true, there is nothing properly before the court because the sole error complained of occurred at the time the trial court entered its decree quieting title, approximately five months before the notice of appeal was served.

The first paragraph of the syllabus in the case of *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196, reads as follows:

"When an appeal is taken from an order overruling a motion for a new trial, and that ruling is not assigned as error, any objection appellant ever had to that ruling will be deemed to have been waived."

From the opinion the following is quoted:

"In this court appellant does not assign error upon the court's ruling of May 16, 1941, overruling his motion for a new trial, and nowhere in his brief or oral argument does he complain of that ruling. Apparently he is satisfied with it; in any event, as a matter of law, he is deemed to have waived any objection he ever had to that ruling. No question respecting that ruling is before this court for review. (*Gas Co. v. Dooley,* 73 Kan. 758, 84 Pac. 719; *Bennett v. Supply Co.,* 80 Kan. 437, 102 Pac. 511; ·*Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372, . . . )" (p. 718.)

In the present case no argument is advanced by the appellant as to any error occurring in connection with the court's overruling the motion for a new trial. It must follow that this court does not have proper jurisdiction because the question raised by the specification of error was not appealed from within the time provided by the statute.

It has been observed that a motion for a new trial was pending but the mere pendency of a motion for a new trial does not extend the time within which an appeal must be perfected unless such a motion for a new trial is necessary and proper and is not filed solely for the purpose of getting a second ruling upon the same question of law previously passed upon by the trial court. See the case of *Achenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407, the syllabus of which reads as follows:

"When a motion for a new trial is unnecessary in order to secure appellate review of a judgment or other appealable order, the time for taking appeal therefrom cannot be extended by the filing of such a motion." (Syl., ¶ 5.)

The record in the present case is clearly convincing of the fact that all the motion for a new trial sought to accomplish was to obtain again a ruling by the court on the same question. It should be observed that there was no controversial question of fact before the court. The situation is analogous to a case in which a question is submitted to a trial court upon an agreed statement of facts because no factual controversy arose as to the filing of the tax liens or as to whether any warrant or execution of any kind had been issued in an effort to collect the taxes. In the case of *Central Fibre Products Co. v. State Tax Comm.*, 150 Kan. 665, 95 P. 2d 353, the syllabus reads as follows:

"Where an appeal from an order of the state tax commission, determining an additional tax is due, is presented to the district court on an agreed statement of facts a motion for a new trial is unnecessary, the only issue presented being one of law." (Syl. ¶ 1.)

See, also, *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891.

The question of the jurisdiction of this court has been raised by the court but it must be so raised because the appellate jurisdiction of this court is only that conferred by statute (Const., art. 3, sec. 3). As was said in the case of *Eikelberger v. Saline County Comm'rs*, 151 Kan. 619, 100 P. 2d 651:

". . . In such a situation, this court is without jurisdiction to consider it. In *Morell v. Massa,* 1 Kan. 224, decided in 1862, it was held that the supreme court cannot enlarge the time fixed by statute within which proceedings in error or appeal may be effected." (p. 620.)

And it was further held:

" 'Parties to a proceeding in error cannot by voluntary appearance, or even by agreement, confer upon an appellate court power to hear and determine a proceeding brought after the expiration of the time limited therefor.' (*Hartzell v. Magee,* 60 Kan. 646, syl. ¶ 2, 57 Pac. 502.)" (p. 620.)

Consequently, it must follow that this court cannot assume jurisdiction in this appeal even though it might be the desire of the court to pass upon the question raised by the appeal. If such an assumption were made and the decision followed, the decision would have to be set aside if a motion for a rehearing were filed calling attention to the fact that the court is without jurisdiction.

The appeal is dismissed.