No. 35,808

M. E. STINSON, *Appellant*, v. F. M. McCONNELL (Revived in the name of Lillian Robinson, Administratrix, etc.), *Appellee*.

(159 P. 2d 406)

Opinion filed June 9, 1945.

*J. S. Simmons*, of Hutchinson, *John W. Newell*, of Topeka, and *R. N. Mc-Connell*, of Chicago, Ill., were on the briefs for the appellant.

*Aaron Coleman, Arthur T. Symns*, both of Hutchinson, and *J. E. Addington*, of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal involves the effect of an alleged defense of a discharge in bankruptcy in an action brought to recover upon a promissory note signed by the bankrupt and secured by a chattel

mortgage upon personal property, which personal property the appellant contends had been willfully and maliciously converted and the proceeds therefrom retained by the appellee. The appellant contends further that the appellee's discharge in bankruptcy was not properly pleaded or proved and also that it was without effect for the reason that the willful and malicious disposal of the property brought the alleged defense within the exception set forth in section 17 of the bankruptcy act (11 U. S. C. A., sec. 35 [2].)

The appellee contends that the petition set forth a cause of action solely for recovery upon a promissory note and did not allege anything about the same having been secured in any manner. A jury was waived and the appellant offered evidence, over appellee's objection, to the effect that the note had been secured by a chattel mortgage and that the appellee had disposed of the mortgaged property without the consent of the appellant. The appellee demurred to such evidence and the trial court took the demurrer under advisement. On January 6, 1941, the court filed a written decision in which it sustained the demurrer on the ground that the evidence failed to show that the conversion of the mortgaged property was malicious. A judgment was entered for the appellee on the same date, which judgment was based upon the ruling on the demurrer. On January 8, 1941, the appellant filed a motion for a new trial upon the following grounds:

1. Erroneous rulings and orders of the court.
2. The judgment and decision are wholly contrary to the evidence.
3. For newly discovered evidence material for the plaintiff which she could not with reasonable diligence have discovered and produced at the trial.
4. That the judgment and decision are wholly unsupported by the evidence of the plaintiff and defendant introduced no evidence in support of the same.
5. That the decision is contrary to law as relating to the facts in the case.

The motion stated that affidavits, oral and documentary evidence would be produced on the hearing of the motion. On July 24, 1942, the motion for a new trial was argued, considered and overruled. The record does not show that any new evidence was offered at the hearing of the motion or that any erroneous rulings of the court were complained of except that as a matter of law it was erroneous

for the court to have sustained the demurrer. Thus, it will be seen that no new facts or excluded evidence were brought to the attention of the trial court in connection with the argument on the motion for a new trial. Such being true, the motion for a new trial sought only a second ruling on the same evidence to which the court originally had sustained a demurrer and at the same time had entered judgment for the appellee. In this court all of the specifications of error pertained to rulings of the court made at the time the court sustained the demurrer to plaintiff's evidence except the error specified in the overruling of the motion for a new trial.

The notice of appeal was filed on September 23, 1942, within two months from the time the motion for a new trial was overruled, but over twenty months after the decision and judgment in the case had been entered.

An order sustaining or overruling a demurrer to evidence is a separable, appealable order. (*White v. Railway Co.,* 74 Kan. 778, 88 Pac. 54; *Norman v. Railway Co.,* 101 Kan. 678, 168 Pac. 830; *Greiner v. Greiner,* 130 Kan. 333, 286 Pac. 219; *Serena v. Rubin,* 146 Kan. 603, 72 P. 2d 995; *Painter v. Monumental Life Ins. Co.,* 158 Kan. 585, 149 P. 2d 626.)

It is never necessary for the party against whom the ruling is made to file a motion for a new trial as a basis for appeal from an order sustaining or overruling the demurrer to the evidence. In cases where the ruling on the demurrer precedes a judgment and the appeal from the judgment is taken in time, this court will consider any possible error arising by reason of the ruling on the demurrer even if no separate appeal has been taken provided such possible erroneous ruling is one of the specifications of error. (*Drenning v. City of Topeka,* 148 Kan. 366, 81 P. 2d 720.)

A different result occurs in cases wherein a motion for a new trial, filed after judgment, amounts only to a request for a second ruling upon the same question of law applicable to the same facts upon which the court entered judgment and the appeal is taken in time only from the order overruling the motion for a new trial. Under such circumstances, a motion for a new trial does not extend the time in which an appeal may be taken to this court from an order sustaining or overruling a demurrer. (*Sheets v. Metropolitan Building Co.,* 144 Kan. 55, 58 P. 2d 93; *Tarnstrom v. Olson,* 150 Kan. 528, 95 P. 2d 352; *Central Fibre Products Co. v. State Tax Comm.,* 150 Kan. 665, 95 P. 2d 353; *Gas Service Co. v. Consolidated Gas Utili-*

*ties Corp.*, 150 Kan. 715, 96 P. 2d 608; *Eikelberger v. Saline County Comm'rs*, 151 Kan. 619, 100 P. 2d 651; *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Jackson County Comm'rs v. Commission of Revenue and Taxation*, 156 Kan. 585, 134 P. 2d. 657; *In re Estate of Badger*, 156 Kan. 734, 137 P. 2d 198; *Achenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407; and *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531.)

The appeal is dismissed.