No. 36,327

MARGARETTE ROBBINS, *Appellee*, v. THE CITY OF KANSAS CITY, *Appellant*.

(163 P. 2d 630)

Opinion filed November 10, 1945.

*William H. Towers,* deputy city attorney, argued the cause, and *Alton H. Skinner,* city attorney, *James H. Barnes* and *Joseph A. Lynch,* all of Kansas City, were on the briefs for the appellant.

*Lee E. Weeks,* of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Leonard O. Thomas,* all of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages for personal injuries received in a fall alleged to have been caused by a defect in a sidewalk. The plaintiff prevailed and the defendant city appealed.

We must first determine what questions, if any, are here for review. At the close of the opening statement by the plaintiff the defendant moved for judgment on the pleadings and the opening

statement. This motion was based upon variance between certain allegations of the petition and the opening statement as to the exact location and nature of the alleged defect in the sidewalk. Instead of ruling directly upon the motion the court permitted the plaintiff to amend the petition to conform to the opening statement, and the defendant then amended its answer, instanter. At the close of the plaintiff's evidence the defendant demurred to the evidence. The demurrer was overruled on September 19, 1944. The case proceeded and verdict for $2,500 was returned in favor of the plaintiff. The jury also answered special questions. On September 19, 1944, judgment for plaintiff was entered. Two days thereafter, on September 21, 1944, the defendant filed a motion to set aside certain answers, also a motion for judgment on the answers notwithstanding the general verdict, and a motion for a new trial. When the motions came on for hearing the defendant announced that the only grounds which it cared to urge were those which had been submitted in argument on the demurrer to the evidence. The motion for judgment on the pleadings and opening statement, the motion to set aside certain answers to special questions and the motion for judgment *non obstante veredicto* having thus been abandoned in the trial court they are not open for review here (*State Bank of Stella v. Moritz,* 146 Kan. 23, 24, 69 P. 2d 15). The motion to set aside answers and the motion for judgment were then overruled, as was the motion for a new trial, on October 14, 1944. Notice of appeal was filed on November 22, 1944.

It thus appears that the notice of appeal was filed more than two months—the period within which appeal can be taken, under the statute (G. S. 1943 Supp. 60-3309)—after the demurrer was overruled. and after the judgment was entered. The appeal statute is controlling and we cannot entertain appeals filed out of time. (*In re Estate of Pennington,* 154 Kan. 531, 532, 119 P. 2d 488; *Achenbach v. Baker,* 157 Kan. 292, 294, 139 P. 2d 407; *Palmer v. Helmer,* 159 Kan. 647, 650, 157 P. 2d 531.)

Timely appeal having been taken from the order overruling the motion for a new trial there would be presented for review any trial errors as to which no independent appeal could have been taken. But the only such error assigned is the order overruling the motion for judgment on the pleadings and opening statement, and as already noted this was abandoned in the trial court when the motion for a new trial was presented. We may say, however, with-

out discussing the matter in detail, that even if the ruling were open to review it would not constitute error for the reason that acting within its discretion the trial court permitted amendment of the petition, the defendant then amended its answer, and it is clear from the record that defendant's interests were not prejudiced.

The ruling on the demurrer, being appealable under the statute (G. S. 1935, 60-3302 *Second*), cannot now be reviewed, in view of the facts above stated. A demurrer to the evidence presents solely a question of law and we have repeatedly said that in the case of an appealable order presenting a question of law only there is no occasion for a motion for a new trial. (*Achenbach v. Baker*, supra.) A motion for a new trial in such a case cannot extend the time within which appeal may be taken. (*In re Estate of Badger*, 156 Kan. 734, 740, 137 P. 2d 198.) The ruling on the demurrer would have been reviewable under the statute (G. S. 1943 Supp. 60-3314a) even though no independent appeal was taken therefrom if timely appeal had been taken from the judgment. (*First Federal Savings & Loan Ass'n. v. Thurston*, 148 Kan. 88, 89, 80 P. 2d 7.) But such appeal from the judgment was not taken.

The precise question of review here presented as to the ruling on the demurrer—and that is the alleged error upon which appellant principally relies—was considered in the recent case of *Stinson v. McConnell*, 160 Kan. 1, 159 P. 2d 406, and we held that an order sustaining or overruling a demurrer to the evidence cannot be reviewed unless an appeal is taken within two months thereafter, or an appeal is taken from the judgment within two months after the judgment was entered, even though the ruling on the demurrer was assigned as error in a motion for a new trial, filed after judgment, and timely appeal was taken from an order overruling the motion for a new trial. In line with that decision the instant appeal must be dismissed on the ground that no question is presented which is open to review. It is so ordered.