No. 36,789

Lela Wilcox, *Appellant*, v. Charles C. Wilcox, *Appellee.*

(178 P. 2d 233)

Opinion filed March 8, 1947.

*Dan Cowie,* of Topeka, *G. H. Terrill,* of Elkhart, *Forest V. McCalley,* of Syracuse, and *E. B. McMahan,* of Boise City, Okla., were on the briefs for the appellant.

*Charles Vance,* of Liberal, argued the cause, and *Charles M. Tucker, H. Hobble, Jr.,* both of Liberal, and *Oscar Perkins,* of Elkhart, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Burch, J.: The appeal in this case is from a judgment entered upon an interlocutory judgment of divorce obtained in California which provided that the appellee should pay the sum of $60 a month as alimony commencing on the first day of September, 1931. The trial court entered judgment in favor of the appellant for the amount of the installments which became due and payable during the five years preceding the filing of the petition, together with interest thereon. The appellant contends that the trial court erred in not rendering judgment in favor of the appellant for the full amount of the installments and interest which had matured from the date of the rendition of the judgment in California. The specifications of error, in substance, set forth that the trial court erred in not entering judgment for the proper amount and in overruling the appellant's motion for a new trial.

The appellee contends that the present appeal presents nothing for review by this court because the appeal from the judgment was not perfected in time and because the motion for a new trial presented nothing more than a request for a second ruling upon the

same question of law which had been passed upon by the trial court in entering judgment. The appellee further contends that in such circumstances the pendency of the motion for a new trial did not extend the time in which an appeal from the judgment might have been taken. The contentions are sound if the record supports them.

Examination of the record discloses that an authenticated copy of the interlocutory judgment entered in the superior court of California was introduced. The appellant testified that none of the $60 payments provided for in the judgment had been paid. She also attempted to testify as to the whereabouts and residence of her former husband since the date the judgment was entered in California. Cross examination revealed that she based her testimony in such respect upon hearsay and the court, consequently, sustained an objection to that part of her testimony. No contention is now made in this court that the trial court's ruling as to the hearsay character of her testimony was erroneous. Appellant's brief reads: "There is only one legal question involved in this appeal, namely: That the court erred in limiting the amount of recovery to those installments which became due within the last five years preceding the bringing of this cause of action in the Kansas court, and excluding all previous installments." From the foregoing it conclusively appears that the trial court entered judgment upon the authenticated copy of the California judgment and the testimony of the appellant that no part of the $60 installments had been paid. The appellee did not offer any testimony. Therefore, the trial court entered judgment upon a question of law as no disputed question of fact was involved. The judgment was entered on May 8, 1946. The notice of appeal was not served until October 9, 1946, or five months after the judgment was entered. Our applicable statute (now G. S. 1945 Supp. 60-3309) reads:

"The appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken: . . ."

The record discloses further that the appellant filed a motion for a new trial and we will assume that such motion was filed within three days after the judgment was entered, although the record does not clearly disclose such fact. It should be noted specifically, however, that the motion for new trial was filed after the trial court had entered judgment and was not filed and considered by the court before entering the judgment. The motion for a new trial sets forth that it should have been granted because (1)

the judgment of the court was in part contrary to the evidence; (2) of newly-discovered evidence material to the case which the appellant could not have discovered and produced at the trial with reasonable diligence; (3) of erroneous rulings on the admissibility of evidence; and (4) the judgment was contrary to the law applicable to the case.

In connection with the proceedings on the motion for a new trial no new evidence whatever was introduced and the asserted erroneous rulings on the admissibility of the evidence were not complained of. Consequently, the only question considered by the trial court upon the motion for a new trial was the same question of law originally presented to the trial court before the judgment was entered. Appellant's brief concedes such fact. In such circumstances the pendency of a motion for a new trial does not extend the time in which an appeal may be perfected from a judgment entered upon a question of law. The entry of a judgment is a separable, appealable order, the same as an order sustaining or overruling a demurrer, and a motion for a new trial, which amounts only to a request for a second ruling upon the same question of law applicable to the same facts upon which the court entered judgment, does not extend the time in which the appeal from the judgment can be taken. Almost the exact question presented by this appeal has been passed upon recently by the court in two cases. (See Stinson v. McConnell, 160 Kan. 1, 159 P. 2d 406, and Robbins v. Kansas City, 160 Kan. 425, 163 P. 2d 630, and cases therein cited.) It is unnecessary to set forth additional citations. In Stinson v. McConnell, supra, after stating that a ruling on a question of law will be considered where the ruling precedes the judgment and the appeal from the judgment is taken in time, the opinion continues as follows:

"A different result occurs in cases wherein a motion for a new trial, filed after judgment, amounts only to a request for a second ruling upon the same question of law applicable to the same facts upon which the court entered judgment and the appeal is taken in time only from the order overruling the motion for a new trial. Under such circumstances, a motion for a new trial does not extend the time in which an appeal may be taken to this court . . ." (p. 3.)

Regardless of the possible merits of appellant's contentions, the appeal from the judgment which the appellant seeks to have reviewed was not perfected in time. Therefore, this court has not acquired jurisdiction to consider the contentions and the appeal must be dismissed. It is so ordered.