No. 37,288

CIMARRON CO-OPERATIVE EQUITY EXCHANGE, *Appellee*, v. LEIGH WARNER and FORREST LUTHER, a co-partnership, doing business as Luther & Warner, *Appellants*.

(200 P. 2d 283)

Opinion filed November 30, 1948.

*C. C. Linley,* of Cimarron, argued the cause, and *Logan N. Green* and *Roland H. Tate,* both of Garden City, were with him on the briefs for the appellants.

*A. M. Fleming,* of Garden City, argued the cause, and *Wm. Easton Hutchison, C. E. Vance, Clifford R. Hope* and *Bert J. Vance,* all of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover possession of and eject defendants from a portion of a tract of land leased by plaintiff from the Atchison, Topeka & Santa Fe Railway Company in the city of Cimarron. The plaintiff recovered and the defendants appeal.

For purposes of appellate review the essential facts are not in dispute and their substance can be briefly summarized. For many years plaintiff had been in possession of the land in controversy under a lease with the railroad company on which it had erected and operated its own elevator. In 1931 through some arrangement with one C. R. Blanton it permitted such person to erect and operate another elevator on a portion of the premises. Later Blanton sold his elevator to the defendants who continued to operate it, paying plaintiff for the privilege of occupying the portion of the tract on which it was located. Sometime in 1945 plaintiff decided its business required sole possession of the premises and on December 1, 1945, notified defendants that because of a building program it desired possession of the tract on which their elevator was located and instructed them to remove such building therefrom. Defendants failed and refused to give possession and this action followed.

No useful purpose will be served by detailing allegations of the pleadings or relating the evidence on which the trial court based its judgment. It will suffice to say that after a full and complete trial, on motion of the plaintiff, the court took the case from the jury and on November 11, 1947, rendered judgment generally in favor of plaintiff and against defendants. In such judgment it found plaintiff was entitled to recover possession of the portion of the tract sued for and gave defendants the right to remove all buildings, structures and other property owned by them and located thereon. Defendants then filed a motion for new trial, which was overruled on January 6, 1948. Notice of appeal was not served on opposing counsel or with the clerk of the court until January 30, 1948, more than two months after rendition of the judgment. That, of course, was too late to appeal from the judgment but in time to appeal from the order overruling the motion for new trial (G. S. 1947 Supp. 60-3309).

Appellants specification of errors read:

"1. The Court erred in overruling and not sustaining appellants' motion to make more definite and certain.

"2. The Court erred. in overruling and not sustaining appellants' motion to elect.

"3. The Court erred in overruling and not sustaining appellants' demurrer.

"4. The Court erred in overruling appellants' motion for a new trial.

"5. The Court erred in rendering judgment in favor of the appellee and against appellants."

At the outset appellee directs our attention to the well-established rule that unless an appeal is perfected in time we are without jurisdiction to entertain it (*e. g.*, see *In re Estate of Pennington*, 154 Kan. 531, 119 P. 2d 488; *Achenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407). It then points to our decisions (*In re Estate of Kerrigan*, 165 Kan. 245, 194 P. 2d 473; *McCarty v. McCarty*, 163 Kan. 427, 182 P. 2d 881; *Wilcox v. Wilcox*, 162 Kan. 582, 178 P. 2d 233; *Stinson v. McConnell*, 160 Kan. 1, 159 P. 2d 406; *Robbins v. Kansas City*, 160 Kan. 425, 163 P. 2d 630, and *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531) holding the time for appeal from rulings on purely legal questions inherent in a judgment cannot be extended by merely filing a motion for new trial and challenges the appellants' right to be heard on any questions raised by and presented for review under their specification of errors.

Obviously errors 1, 2 and 3 as specified relate only to questions of law passed upon by the trial court prior to the commencement of the trial which inhere in the judgment and come within the rule announced in the foregoing decisions. Therefore since there was no appeal from the judgment within the prescribed statutory time they are not proper subjects for appellate review. The same holds true of specification No. 5 but for an entirely different reason. This court has repeatedly held that an assignment of error to the effect the trial court erred in rendering its judgment amounts to nothing more than a statement the decision is wrong, does not specify any error and presents no reviewable ruling to an appellate court. (See *Hamilton v. Binger*, 162 Kan. 415, 176 P. 2d 553, and cases there cited.)

Specification of error No. 4 requires consideration of the motion for new trial. As it is examined we note that included in its grounds are the legal questions appellants sought to have reviewed under the first three specifications of error to which we have heretofore referred. The fact they are so included in no sense changes their status for appellate purposes. The inclusion in a motion for a new trial of legal questions inherent in a judgment from which no appeal is taken in time does not have the effect of extending the

period within which alleged errors committed by the trial court in their disposition can be reviewed. In *Stinson v. McConnell,* supra, we held:

"When a motion for a new trial is filed after judgment has been entered and the appeal is taken in time from the order overruling the motion for a new trial but is not taken in time from the entry of judgment, the pendency of the motion for a new trial does not extend the time in which an appeal may be perfected from an order sustaining or overruling a demurrer to the evidence *even though the possible error is one of the grounds of the motion for a new trial."* (Syl.) (Emphasis supplied.)

Except for those to which we have referred the only other ground of the motion for a new trial briefed and argued, and therefore the one on which appellants must rely for reversal of the judgment (*Henderson v. Deckert,* 160 Kan. 386, 162 P. 2d 88), is that the trial court erred in overruling and in not sustaining their motion for judgment on the opening statement of appellee's counsel. This phase of the motion raises another purely legal question inherent in the judgment and cannot be reviewed because the appeal from it was perfected too late. See *Cooley v. Hebrew,* 165 Kan. 500, 195 P. 2d 602, where we held:

"The judgment of the court sustaining plaintiff's motion for judgment on the pleadings and the opening statement of counsel is a ruling upon a question of law. To review such a ruling a motion for a new trial is neither necessary nor proper." (Syl. ¶ 1.)

Appellants seek to circumvent the result which necessarily follows from the conclusion just announced by asserting that because appellee's counsel in his opening statement conceded appellants had been recognized by appellee as tenants from year to year appellee's sole remedy was in unlawful detainer and that therefore the district court had no jurisdiction to entertain or render a judgment in an ejectment action. The point is not well taken. This was definitely an independent action, expressly authorized by our statute (G. S. 1935, 60-2001), in the nature of ejectment to recover possession of real property and oust the appellants, over which the district court had full and complete jurisdiction. Conceding appellee might also have maintained an action in unlawful detainer does not alter the situation or limit the power and authority of the district court. Long ago in *Buettinger v. Hurley,* 34 Kan. 585, 9 Pac. 197, we held:

"Where B, as a landlord, commences an action of unlawful detainer, before a justice of the peace against his tenant, to recover the possession of a certain

piece of land, because of the failure of the tenant to pay rent, and, while such action is pending in the district court on an appeal from the justice of the peace, B. commences a second action in the district court in the nature of ejectment, to recover the same land from the same defendant, held, that the pendency of the action of unlawful detainer does not abate the action in the nature of ejectment; that the two actions are not the same action, or the same kind of action, either in substance or in form; nor are they so near alike that the pendency of one will abate the other." (Syl. ¶ 3.)

Resort to well-established legal treatises demonstrates that the rule announced in the decision from which we have just quoted is one of universal application. See 36 C. J. 617 §§ 1797, 1798; 28 C. J. S. 852, 853 § 6; 36 C. J. S. 1146 § 3; 22 Am. Jur. 909 § 5; 32 Am. Jur. 851 § 1016; Dassler's Kansas Civil Code, 2d ed., 930 § 19.

Since the record presents no question which is open to appellate review the appeal must be dismissed. It is so ordered.