No. 37,930

W. I. WALTON, *Appellee*, v. VIOLA WALTON, *Appellant*.

(223 P. 2d 997)

Opinion filed November 10, 1950.

*Lee Hornbaker*, of Junction City, argued the cause, and *Howard W. Harper*, of Junction City, was with him on the briefs for the appellant.

*C. L. Hoover*, of Junction City, argued the cause, and *Robert A. Schermerhorn* and *C. F. Hall*, both of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a divorce case and is the second chapter in this court of the marital difficulties of the parties.

An action for divorce on the grounds of extreme cruelty and gross neglect of duty was originally instituted by the husband. The de-

fendant in her answer and cross-petition denied the charges and sought a judgment for separate maintenance. At the close of plaintiff's evidence defendant demurred on the ground that it failed to establish a cause of action, and in support thereof contended (1) that the evidence failed to establish either of the grounds relied upon even if acts pertaining thereto had been corroborated, and (2) that evidence of such acts was not corroborated. The demurrer was overruled and the court granted plaintiff a divorce. Defendant appealed from the order overruling her demurrer and we reversed the ruling of the lower court on the ground there was a failure of corroboration, as required by statute. (*Walton v. Walton,* 166 Kan. 391, 202 P. 2d 197.)

Our opinion in that case was filed January 22, 1949, and on January 25, 1949, the husband filed another action for divorce alleging gross neglect of duty, extreme cruelty and abandonment. Defendant's motion to dismiss the second action on the ground there was another action pending in the same court, between the same parties and for the same cause, being overruled, the matter came on for hearing and by agreement of the parties defendant's cross-petition for separate maintenance pending in the former case and plaintiff's petition for divorce in the second case were consolidated for the purpose of trial.

Plaintiff's testimony in support of his allegation was substantially the same as given by him in the trial of the former action, as outlined and summarized in *Walton v. Walton,* supra, and in addition thereto he testified concerning the alleged abandonment by his wife. Plaintiff's son testified, in substance, that he lived approximately one block from his father's home; he had seen his father practically every day for the past eighteen months; plaintiff and defendant had not lived together as man and wife from December of 1947 to January of 1949; he was present with his father when they discovered that defendant had moved from the home; they found the house locked and upon entering found that all of defendant's furniture had been moved out and the keys to the house left on the kitchen table. He further testified that he had visited the house on two or three occasions while plaintiff and defendant were living together; on the first occasion defendant's bed was in the front bedroom, but on his next visit he noticed that it had been moved to another bedroom and plaintiff's bed had been placed back in the front bedroom; his association with the plaintiff had been such that

he would have known if plaintiff and defendant had lived together as man and wife since the latter part of December, 1947, and that from such association he knew they had not so lived together.

The defendant's demurrer to plaintiff's evidence was overruled, whereupon she introduced her evidence.

At the conclusion of the trial, and after the court had taken the matter under advisement for several days, judgment was rendered granting plaintiff a divorce on the grounds of gross neglect of duty and abandonment, and the cross-petition of defendant for separate maintenance was denied.

The defendant did not file a motion for a new trial, but in due time appealed "from the judgment and decree rendered and made in the above entitled action on July 23, 1949, wherein the court entered its decree by which plaintiff was divorced from defendant."

The appellant (defendant below) assigns four specifications of error, namely, that (1) the trial court erred in overruling her motion to dismiss plaintiff's petition; (2) the trial court erred in overruling her demurrer to plaintiff's evidence; (3) plaintiff's evidence did not establish either gross neglect of duty or abandonment; and (4) there was no corroboration offered to sustain either of those two grounds.

Concerning the first ground relied upon by defendant for reversal it is argued her motion to dismiss plaintiff's petition was equivalent to a demurrer under the provisions of G. S. 1935, 60-705 [Third]. On the other hand, plaintiff contends the motion was nothing more than what in law is designated as a dilatory plea and that in the absence of a motion for a new trial the ruling of the court below is not subject to appellate review, citing *Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105. We will not labor the question, but in passing take note of the fact that our decision in *Walton v. Walton,* supra, which was filed several days prior to the commencement of the instant action, held that the demurrer to plaintiff's evidence in the former action should have been sustained, and the effect of that decision, insofar as the plaintiff was concerned, was to dispose of that lawsuit. Furthermore, there was nothing appearing on the face of the petition in the second action showing that there was another action pending between the parties for the same cause. Defendant's motion to dismiss the petition in the second action was properly overruled.

We come now to the question whether defendant's demurrer to

the evidence was properly overruled, and at the outset we are confronted with plaintiff's contention that the matter is not within the scope of appellate review in the absence of a motion for a new trial or an appeal from the order overruling the demurrer. As heretofore stated, no motion for a new trial was filed by defendant and she appealed only from the judgment and decree granting a divorce to plaintiff.

In support of his contention plaintiff cites a number of cases decided prior to the effective date of G. S. 1947 Supp. 60-3314a, among them being *Benson v. Rosebaugh,* 128 Kan. 357, 278 Pac. 41, and *Rierson v. Southern Kansas Stage Lines Co.,* 146 Kan. 30, 69 P. 2d 1. He also calls our attention to certain language found in the opinion in *In re Estate of Spark,* 168 Kan. 270, 212 P. 2d 369, wherein it is stated:

"There being no appeal from the trial court's order overruling respondent's demurrer to claimant's evidence, it is not a proper matter for review by this court." (p. 275.)

and to *Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547, in which it is said that:

". . . in the absence of a motion for a new trial the questions which this court can consider are those only which arise upon the pleadings and upon the facts found." (p. 363.)

In the latter case it does not appear that a demurrer was filed and hence the specific question was not involved. In the Spark case, *supra,* it is noted that the quoted language is broader than the law of the case as stated in paragraph one of the syllabus, which is to the effect that in order to obtain a review of an order overruling a demurrer to the evidence the notice of appeal must be sufficiently broad to cover such ruling. We believe the language quoted to be an inadvertent overstatement of the correct rule and to such extent it is disapproved.

Plaintiff concedes that by statute (G. S. 1935, 60-3302) a ruling on a demurrer is an appealable order even in the absence of a motion for a new trial, but argues that it is necessary to appeal from such ruling in order to bring it up for review.

While the scope of appellate review, in the absence of a motion for new trial, has been variously stated, depending upon the nature, facts and circumstances of the particular case under consideration, we think that plaintiff's interpretation of our decisions is too narrow.

For example, in *In re Estate of Peirano*, 155 Kan. 48, 122 P. 2d 772, it was said:

"The appellee argues that this question is not properly before this court because the appellant appealed only from the judgment and not from the order overruling the demurrer of appellant to the evidence of appellee. We have heretofore held that where the appeal is from the judgment we will consider the question of whether or not the trial court committed error in overruling a demurrer of defendant to the evidence of plaintiff. (See G. S. 1941 Supp. 60-3314a; also, *Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720.) We will, therefore, examine the question of whether or not this demurrer should have been sustained." (p. 50.)

and in *McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787, this court held:

"There remains the question of the effect of the appeal being taken from the judgment and not from the order overruling the motion for a new trial. The appeal from the judgment gave us jurisdiction to review the action of the trial court in overruling the demurrer of the defendant to the evidence of plaintiff. This action of the trial court is one of the grounds relied upon by defendant for reversing the judgment. (See G. S. 1941 Supp. 60-3314a; also, *Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720.)" (p. 115.)

Again, in *Stinson v. McConnell*, 160 Kan. 1, 159 P. 2d 406, the rule was stated in the following language:

"It is never necessary for the party against whom the ruling is made to file a motion for a new trial as a basis for appeal from an order sustaining or overruling the demurrer to the evidence. In cases where the ruling on the demurrer precedes a judgment and the appeal from the judgment is taken in time, this court will consider any possible error arising by reason of the ruling on the demurrer even if no separate appeal has been taken provided such possible erroneous ruling is one of the specifications of error. (*Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720.)" (p. 3.)

Here the ruling on the demurrer preceded the judgment, the appeal from the judgment was taken in time, and the alleged erroneous ruling (on the demurrer) was one of the specifications of error.

We hold that the ruling on the demurrer to plaintiff's evidence is properly before us for review.

As heretofore stated, plaintiff's testimony was substantially the same as given by him at the trial of the former action, all of which is set out in *Walton v. Walton*, supra, and will not be repeated here. In that case we did not hold that plaintiff's testimony fell short of making out a cause of action for divorce. The basis of our decision was that there was a lack of corroboration as required by the statute (G. S. 1935, 60-1509). In the case now before us, however, we

are concerned with a different situation and we are constrained to hold that the testimony of plaintiff's son, hereinbefore summarized, satisfied the requirement of the statute and that defendant's demurrer to the evidence was properly overruled, at least so far as the ground of gross neglect of duty is concerned.

For all practical purposes this really disposes of this appeal, but we take note of the fact that defendant contends there was a total lack of proof as to the abandonment feature of the case. Conceding, for the sake of argument, that there is merit to her contention in this respect—nevertheless her appeal was "from the judgment and decree rendered . . . by which plaintiff was divorced from defendant," and we have already held that the court did not err in finding that the ground of gross neglect of duty had been established.

It therefore follows that the judgment of the lower court should be and the same is hereby affirmed.